STATE *vs.* CHARLES M. FREDERIC.

Franklin.   Opinion April 23, 1879.

*Constitutional law.   Evidence.*

Stat. 1877, c. 187, making a certified copy of the testimony of a witness, a taken by a court stenographer in the sworn performance of his official duty, legal evidence to prove the testimony of such witness whenever proof of the same is relevant in a case on trial, is not in contravention of Art. I, § 6, of the constitution of this state.

A court stenographer's certified copy of the testimony given by a witness, called by the defendant at a former trial of an indictment for an assault and battery in which the jury disagreed, is admissible to impeach the testimony of such witness at the second trial.

Testimony of an officer that, when he went to arrest the defendant on a warrant for assault and battery, the defendant outran, and for the time escaped him, is admissible in the trial of an indictment for the same offense, without proof that the defendant had been informed that he was to be arrested on that charge.

ON EXCEPTIONS.

INDICTMENT against Charles M. Frederic and Warren M. Daggett jointly, for assault and battery. At the September term, 1877, the defendants were jointly tried, when Daggett was convicted, but the jury disagreed as to Frederic. In that trial one Orrin Leeman and Warren Daggett were called by the defendants and testified.

At the next March term Frederic was again tried; and after the two witnesses above named, again called by the defendant, had testified, the county attorney, for the purpose of contradicting them, offered a certified copy of the stenographer's notes of their testimony at the former trial, taken by J. D. Pulsifer, the stenographic reporter of the court at the September term; which the presiding justice, against the seasonable objections of the defendant, allowed to be read to the jury.

A deputy sheriff, called by the government, was allowed to testify, against the seasonable objection of the defendant, that, when he went to arrest Frederic and Daggett on a warrant for the crime for which they were indicted, Frederic outran the

officer and at that time escaped him. To which rulings the defendant, after verdict against him, alleged exceptions.

*H. L. Whitcomb*, for the defendant.

*L. A. Emery*, attorney general, *E. Field*, county attorney, for the state.

BARROWS, J. The construction which defendant's counsel seeks to give to the provision in the constitution of Maine, Art. I, § 6, clause 3, that in all criminal prosecutions the accused shall have the right to be confronted by the witnesses against him, if adopted, would exclude all documentary evidence, however pertinent, forcible, safe and even indispensable it might be.

Such is not the design or effect of the provision referred to. Its object is to guard the accused in all matters, the proof of which depends upon the veracity and memory of witnesses, against the danger of falsehood or of mistake, by bringing the witnesses when they give their testimony as to such matters face to face with him.

But there are various matters which may be competent and important evidence in cases, both civil and criminal, which do not depend for their efficacy and admissibility as evidence upon the present recollection of any man—the fact of their existence being that which gives them whatever probative force they possess.

Among these are contemporaneous public records kept by sworn officers in the performance of their regular duties.

To save and sustain his exception here, defendant's counsel must ignore all distinction between documentary and oral evidence. The constitutional provision on which he relies relates to the latter. But the former is admissible as well in criminal as in civil cases, and its admission has never been regarded as a violation of the provision referred to. Roscoe and Wharton and other writers upon evidence in criminal cases, in support of the doctrines which they lay down touching this matter of the production and use of documents as evidence, cite civil as well as criminal cases; and Roscoe says that the rules of evidence with regard to the proof of documents are the same in both.

The general doctrine as stated by them all substantially is, that

records and entries of a public nature, in books required by law to be kept, may be proved by an examined copy, and by a certified copy where the officer having charge of the record is authorized by law to make copies to be used as evidence, both for the sake of convenience and because of the public character of the facts they contain and the ease with which any fraud or error in the copy can be detected. Roscoe's Crim. Ev., (6 Am. ed.) 148, *et seq.* 157, 160. 1 Whar. Am. Crim. L., § 654. 1 Greenl. Ev. (1 ed.) § 91.

So, where a person is summoned by a *subpœna duces tecum* to produce a document, which is of itself competent evidence, or may be identified by some one else, it is not necessary to have him sworn or to put him on the stand. *Perry* v. *Gibson*, 1 Ad. & Ellis, 28 E. C. L. R. 32, cited in Roscoe's Crim. Ev. 101.

The defendant's counsel is right in saying that the constitutional provision referred to is but an authoritative declaration of a principle of the common law; but the common law recognizes the admissibility of documentary evidence in criminal as well as civil cases; and the instruments of it have often been the subject of decisions of the courts and of statute regulation, and it was never suggested that its admission was in conflict with the principle that required the accused to be confronted by the witnesses against him.

Chapter 187, laws of 1877, makes the minutes of the testimony of a witness, taken by the stenographer who is a sworn officer of court, a *quasi* record; a certified copy of which is declared to be legal evidence to prove the testimony of such witness whenever proof of the same is relevant in the case on trial. The phrase, " in the trial of any former case," fairly includes any former trial of the same case. Since the passage of that statute, certified copies of such minutes have been competent; and we do not see that they are practically any more liable to objection as dangerous evidence than the original minutes translated by the stenographer in the presence of the jury. The stenographer could seldom, if ever, give the details of the testimony from memory. His record made at the time is what must in the nature of things be the substance of his testimony.

Both of the reasons above given by the text writers, and in the decisions for the use of certified copies, apply in their full force to such cases. It is not claimed that the record is infallible. It is made under oath, and is less liable to be perverted by prejudice, partiality, or baser motives, than the testimony of those who can shelter their mistakes or want of veracity when testifying to such matters under the well known infirmities of the human memory. It is open to contradiction, and the publicity of the matter to which it relates gives ample opportunity to contradict and control it, if it is in fact erroneous. While it is competent, it is not the only competent evidence upon the topic to which it relates. Neither was the testimony of the stenographer accompanying his minutes before the passage of this statute. *State* v. *McDonald*, 65 Maine, 467.

But it is needless to discuss its advantages or disadvantages. That can be done before the jury whenever there is a conflict. It is sufficient for us here that the statute has placed a certified copy of the record kept by the stenographer in the sworn performance of his official duty upon the footing of other documentary evidence, and that this is not prohibited by the constitutional provisions in Art. I, § 6, or any other article in the constitution.

The testimony of the officer, that, when he went to arrest the defendant, he outran and for the time escaped him, was admissible without proof that the defendant had been informed " that he was to be arrested on this identical charge." Its force and value under all the circumstances appearing in evidence were for the jury to estimate. The remark of Lord Tenterden which defendant's counsel quotes has reference to its effect and not to its competency.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.