**STATE of Maine**

**v.**

**Oscar W. MALLOCH.**

Supreme Judicial Court of Maine.

Jan. 27, 1967.

Howard M. Foley, County Atty., Jules L. Mogul, Asst. County Atty., Bangor, for plaintiff.

D. C. Gellers, Eastport, for respondent.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

WEBBER, Justice.

On exceptions. The respondent was convicted in the Superior Court of the offense of operating a motor vehicle while under the influence of intoxicating liquor. At his trial the complaint was read to the jury who were then informed that the respondent pleaded "not guilty" thereto. The complaint was made under oath by one Clyde Cross who remains otherwise unidentified. Although only a brief portion of the record is presented for our perusal, we take it that the State produced a witness whose testimony satisfied the jury of the guilt of the respondent beyond a reasonable doubt, but did not see fit to present Clyde Cross as a witness. The respondent sought by motion to have the justice below order the State to produce Cross as a witness. Failing this, the respondent sought dismissal of the case and of the complaint "with prejudice". Denial of the several motions furnishes the ground of exceptions.

As nearly as we can understand the novel theory here advanced by the respondent, it is that Cross as complainant became an indispensable witness to be produced by the State and that when he was not so produced, the respondent was deprived of his constitutional right to be confronted by the witnesses against him. The respondent does not suggest that he was deprived of the right to call Cross as his own witness.

There can be no question but that a respondent is constitutionally guaranteed the right to confront the *witnesses* against him. "As was said by this court in an earlier case: 'The object of this constitutional provision is to guard the accused in all matters, the proof of which depends upon the veracity and memory of witnesses, against the danger of falsehood or of mistake, by bringing the *witnesses when they give their testimony* as to such matters face to face with him.' State v. Frederic, 69 Me. 400. The constitutional right of confrontation is preliminary to and but another name for the right of cross-examination." State v. Crooker, (1923) 123 Me. 310, 313, 122 A. 865, 866, 33 A.L.R. 821. (Emphasis ours).

The respondent falls into error by confusing "witnesses" with "complainants". The only "witness" produced by the State at trial was one Connelly, a police officer, and the respondent was afforded full opportunity to cross-examine him. The complainant Cross was never produced as a witness and the right of confrontation and cross-examination as to Cross never arose. The fact that one may have initiated a complaint does not mean that he has direct personal knowledge of the event or can give material evidence concerning it. The State might properly decline to offer him as a witness for no other reason than that he could offer no admissible evidence which would aid the jury's understanding of the case. In State v. Howe, (Me. 1966) 219 A.2d 116 the com-

plaint was made under oath by an officer who had no personal knowledge of the alleged offense but who relied on reports made to him by the arresting officers. We held valid a complaint so made, there being a substantial basis for crediting the hearsay evidence, such evidence being sufficient to establish probable cause. We recently followed Howe without extended opinion in State of Maine v. Corey, Me., 224 A.2d 841 (opinion filed December 30, 1966).

The complainant Cross did not become a "witness" against the respondent merely because the complaint was read to the jury by the Clerk. The respondent has not seen fit to make the instructions given by the presiding justice a part of the record for review. The bill of exceptions nowhere suggests that any objection was made to any portion of the charge or that there was any refusal to give requested instructions. We therefore presume that the jury was fully and correctly informed that the complaint was not evidence and that no inferences were to be drawn for or against the respondent from the complaint or from the fact that a complaint had been lodged.

We conclude that the justice below committed no error in denying the motions which were addressed to him.

The entry will be

Exceptions overruled.