**STATE of Maine**
**v.**
**Michael BREWER.**

Supreme Judicial Court of Maine.

April 9, 1980.

Argued March 17, 1980.

Decided April 19, 1980.

. John Atwood, Dist. Atty., Robert B. Van Wyck, orally, Asst. Dist. Atty., Wiscasset, for plaintiff.

David A. King, orally, George M. Carlton, Jr., Bath, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

ROBERTS, Justice.

 After trial by jury, Michael Brewer appeals his conviction of aggravated assault (17–A M.R.S.A. § 208(1)(A)). The defendant gains nothing by his attack on the sufficiency of the evidence, because on appeal we must view the evidence in the light most favorable to the state, leaving questions of credibility of witnesses to the resolution adopted by the jury. *State v. Goyette*, Me., 407 A.2d 1104, 1109 (1979); *State v. Doughty*, Me., 399 A.2d 1319, 1326 (1979).

 Neither can we find error in the refusal of the trial judge to permit cross-examination *in the presence of the jury* of a witness who did not testify in their presence. With commendable caution, the prosecutor suggested a preliminary hearing out of the presence of the jury to determine the admissibility of certain photographs. M.R. Evid. 103(c) and 104(c). Upon the exclusion of the proffered evidence, there was no further testimony of that witness. In *State v. Malloch*, Me., 225 A.2d 760, 761 (1967) we held that the complainant did not become a witness against the defendant merely because the complaint was read to the jury. We find the reasoning expressed in *Malloch* dispositive here: when a witness presents no testimony to the fact finder, the right of confrontation and cross-examination does not arise.

No other issue being raised, we find the appeal without merit.

The entry is:

Appeal denied.

Judgment of conviction affirmed.

All concurring.