STATE of Maine

v.

David WALLACE.

Supreme Judicial Court of Maine.

Argued June 9, 1981.

Decided July 1, 1981.

Genevieve Stetson, Asst. Dist. Atty., (orally), Machias, for plaintiff.

Silsby & Silsby, Anthony Beardsley (orally), Ellsworth, for defendant.

Before WERNICK, GODFREY, ROBERTS and CARTER, JJ.

WERNICK, Justice.

Defendant David Wallace has appealed from judgments of conviction entered in the Superior Court (Washington County) on the verdict of a jury finding him guilty of two counts of Burglary (17–A M.R.S.A. § 401) and two counts of Theft (17–A M.R.S.A. § 353).

The evidence justified the jury in finding the following facts as to a large number of guns stolen from the homes of Bert Ashby and Wayne Ashby, father and son.

Bert Ashby noticed that one gun from his sizable collection had disappeared sometime before March 9, 1980. On March 10, he ascertained that several more guns, and a variety of rifles, shotguns and pistols, were missing. On April 12, when Bert's son, Wayne, came home from a trip to Bangor, he discovered that the doors leading from the porch to the interior of his house had been forced and that ten of his guns were missing from his upstairs bedroom and closet.

Prior to March 7, 1980, John Robinson, who was the State's key witness at trial, had "several conversations" with the defendant and one John Haschaik concerning a gun collection previously owned by Haschaik's father but currently owned by the two Ashbys. During these conversations Haschaik told Robinson and the defendant that "someday he would like to get them [the guns] back." Then, on March 7, Robinson and the defendant went to Bert Ashby's house, and while the defendant remained outside, Robinson went in and took one rifle. Robinson and the defendant took this rifle to John Haschaik, who offered them money for it. Haschaik also mentioned another gun he particularly wanted.

On March 9, Robinson, the defendant and several other persons were at the defendant's trailer. At some point, Robinson and Robinson's brother, as well as the defendant, left the trailer and went to Bert Ashby's house. Robinson and the defendant entered the house and took several guns. They brought these guns to Haschaik. He kept them and also expressed continued interest in one special gun, not among the existing haul, that he said might be at Wayne Ashby's house.

On April 11, Robinson, Robinson's brother and the defendant were in the company of Ricky Ashby, son of Bert and brother of Wayne. They took Ricky to Wayne's house, Wayne being away on an overnight trip to Bangor, so that Ricky could feed Wayne's dog. Later, the two Robinsons and the defendant, no longer in Ricky Ashby's company and knowing that Wayne would not be at home, went to Wayne's house, kicked in the back door, entered and took several guns. They took one of these guns to John Haschaik, and most of the others they hid in an abandoned camp near a cemetery. Approximately one week later, Robinson, the defendant and John Haschaik's wife took two bundles of guns to Hamilton's Cove and threw them into the ocean. State Police later recovered these guns from the Cove and also retrieved those hidden in the abandoned camp.

*1.*

■ Defendant's first point on appeal attacks the admissibility of the testimony given by John Robinson regarding John Haschaik's statement that he would like to get back the gun collection previously owned by his father. At trial, defendant had objected to the admission of this testimony claiming it was inadmissible hearsay.

Defendant takes nothing from the point. The statement attributed to Haschaik was not hearsay. M.R.Evid. 801(c), 801(d)(2)(E). Haschaik's statement was not offered to prove its truth, i. e., that John Haschaik in fact wanted the gun collection back; rather, it was offered to prove only that the defendant heard the statement made, as bearing on defendant's motive for the subsequent burglaries and thefts.

*2.*

Defendant asserts a second point on appeal relating to the admission of John Robinson's testimony that he and defendant went to Bert Ashby's house on March 7 and that Robinson entered the house and stole one rifle while defendant waited outside. Defendant was not charged with any crime arising out of the events of March 7. After Robinson's testimony, defendant moved for a mistrial on the ground that Rule 404(b) M.R.Evid. required exclusion of such evidence and that defendant was irreparably prejudiced by its admission. The presiding justice denied that motion, and we conclude that the ruling was correct.

■ Evidence of prior bad acts is not admissible against a defendant in a criminal prosecution if its sole relevance is to establish the accused's propensity to commit crimes. M.R.Evid. 404(b); *State v. Heald*, Me., 393 A.2d 537, 542 (1978); *State v. Cyr*, Me., 389 A.2d 834, 837 n.2 (1978); *State v. Eaton*, Me., 309 A.2d 334, 337 (1973). This rule of exclusion aims to avoid the danger that the jury will convict the defendant on the basis of evidence of uncharged acts rather than on the evidence of the crime for which he is charged. *State v. Heald, supra*, 393 A.2d at 542; *State v. Eaton, supra*, 309 A.2d at 337. Evidence, however, that is otherwise competent and relevant to prove

a defendant's guilt of a particular crime charged is not inadmissible solely because it also shows defendant guilty of another distinct crime. *State v. Heald, supra*, 393 A.2d at 542; *State v. Cugliata*, Me., 372 A.2d 1019, 1029–30 (1977); *State v. Eaton, supra*, 309 A.2d at 338. In this context the foundational test for admissibility is relevance. *State v. Eaton, supra*. Evidence revealing other crimes is relevant if it casts light upon the nature of the act for which the defendant is being prosecuted, by showing motive, intent, knowledge, absence of mistake, common scheme, identity or a system or general pattern. *State v. Eaton, supra; see also State v. Heald, supra; State v. Cyr, supra*, 389 A.2d at 837 n.2; *Advisers' Note* to M.R.Evid. 404(b).

Of course, even relevant evidence may be excluded if the danger of unfair prejudice to the defendant outweighs its probative value. M.R.Evid. 403; *see State v. Heald, supra*, 393 A.2d at 542. The presiding justice has broad discretion in ruling on the admissibility of evidence challenged as unfairly prejudicial; review of such rulings focuses on whether there was an abuse of discretion. *State v. Heald, supra*.

Here, John Robinson's testimony regarding the defendant's participation in the initial March 7 burglary was relevant to show (1) common plan or scheme in the commission of the two subsequent burglaries, (2) defendant's knowledge of Bert Ashby's gun collection, and (3) defendant's motive for the later burglaries in light of the failure of the first break-in to yield the particular gun John Haschaik wanted. *Cf. State v. Heald, supra*. Thus, evidence of the first, uncharged crime had high probative value in proving the defendant's guilt of the later crimes for which he was charged.

Subsequent testimony of John Robinson, coupled with testimony regarding recovery of the guns, provided other evidence of the crimes charged to the defendant. Although the evidence of the first burglary was thus *somewhat* cumulative, the danger that the jury convicted the defendant on the basis of that evidence was slight, at best. We cannot say that the justice was guilty of an abuse of discretion in determining that the probative value of that evidence outweighed its potential to cause *unfair* prejudice to defendant. M.R.Evid. 403. We so conclude more particularly since the presiding justice sought to minimize any prejudice to the defendant by instructing the jury that it was not to consider the uncharged burglary in its evaluation of the evidence. *Cf. State v. Heald, supra*, 393 A.2d at 543.

*3.*

We reject, without need for extended discussion, defendant's last point on appeal, his claim that the evidence was legally insufficient to support the convictions.

The State's lead witness, John Robinson, told a complete and detailed story of the burglaries and thefts. His testimony, if believed, provided ample evidence from which the jury could find the defendant guilty beyond a reasonable doubt. *State v. Perfetto*, Me., 424 A.2d 1095 (1981); *State v. Brewer*, Me., 413 A.2d 160 (1980).

The entry shall be:

Appeal denied; judgments of conviction affirmed.

All concurring.