**STATE of Maine**

v.

**Paul A. LINDSEY.**

Supreme Judicial Court of Maine.

Argued June 10, 1982.

Decided July 13, 1982.

Charles K. Leadbetter, Asst. Atty. Gen., Augusta, Gary F. Thorne (orally), Claire A. Julian, Asst. Dist. Attys., Bangor, for plaintiff.

Strout, Payson, Pallicani, Cloutier, Hokkanen & Strong, James W. Strong (orally), Rockland, for defendant.

Before McKUSICK, C. J., and ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

VIOLETTE, Justice.

The defendant, Paul Lindsey, has appealed from a judgment of conviction entered in the Superior Court, Penobscot County, on a jury verdict finding him guilty of criminally threatening one Connie DeWitt with a dangerous weapon in violation of 17–A M.R.S.A. §§ 209, 1252(4) (Supp.1981).[1] We deny the appeal and affirm the judgment below.

Defendant was charged with threatening Connie DeWitt and her husband Leroy in the late afternoon on December 19, 1976. According to several witnesses who testified at trial, defendant sat in his parked car in front of the DeWitts' home for four or five minutes while pointing a shotgun or rifle towards the living room picture window. Connie DeWitt was sitting in front of the window; her mother, two sisters, her

---

1. 17–A M.R.S.A. § 209(1) provides: "A person is guilty of criminal threatening if he intentionally or knowingly places another person in fear of imminent bodily injury." Section 1252(4) of title 17–A provides in pertinent part: "If the State pleads and proves that a Class B, C, D or E crime was committed with the use of a dangerous weapon then the sentencing class for such crime is one class higher than it would otherwise be."

husband, brother-in-law and a friend were present in the main living area of the house. Someone noticed defendant and the gun and informed the others, who reacted in various ways. Connie DeWitt, according to her testimony and that of the three witnesses who testified at trial, apparently sat unable to move for a few minutes, staring out of the window. She eventually crawled out of the room. Her husband left the room and returned with a shotgun which he testified he would have used to protect his family and property. Someone then called the police.

Defendant was spotted by the police about an hour later while he was driving erratically in the vicinity of the DeWitt house. The police followed defendant to his home where they arrested and searched him. Five shotgun shells and one expended 30.06 cartridge were found in a pocket of the coat he was wearing. Three shotgun shells were found in a box in defendant's car. The officers did not find a gun.

At trial, Connie and Leroy DeWitt testified that defendant had threatened them on two occasions about two weeks earlier. The first time they were driving their car when he, approaching from the opposite direction, allegedly crossed the center line as if to run them off the road, pulling over only after driving very near to their car. A second driving incident was less clearly described by the witnesses. Mr. DeWitt stated that he met defendant at an intersection just as defendant was making a right hand turn onto the road on which the DeWitts had been traveling. The defendant allegedly turned quite close to the DeWitt vehicle, and then stopped, started to back up, but drove off. Defendant's several objections to the admission of this testimony into evidence were overruled, as was his motion for a mistrial based on the highly prejudicial nature of the evidence.

The defendant also objected to the state's motion to admit into evidence the shotgun shells and rifle cartridge discovered when he was searched. Defendant asserted that the shells were not relevant absent introduction of an actual gun which the shells matched. The trial justice overruled the objection.

Defendant's direct appeal from the judgment of conviction was originally dismissed for failure to file a brief, but has since been reinstated by order of the Superior Court, Knox County, following a post-conviction review proceeding. On appeal, he contends that prejudicial error resulted from the admission into evidence of (1) Mr. and Mrs. DeWitt's testimonies concerning the two alleged threats which occurred prior to the conduct charged, and (2) the shotgun and rifle shells.

(1) Admission of Evidence of Prior Acts

█ Defendant argues on appeal that the evidence of the two driving incidents should not have been admitted under M.R.Evid. 404(b), which reads:

(b) *other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.

Defendant apparently assumes that the evidence was improperly offered to prove that if the defendant did it before, he did it this time. *State v. Goodrich*, Me., 432 A.2d 413, 418 (1981).

The state asserts that the testimonies were offered to prove an element of the crime, i.e., that the DeWitts were placed in fear of imminent bodily injury. We have previously ruled that evidence of other wrongs or acts is admissible when offered to prove something other than that the defendant was acting in conformity with a character trait elucidated by such and when not deemed more prejudicial than probative by the trial justice. *See, e.g., State v. Valentine*, Me., 443 A.2d 573 (1982) (evidence admitted as relevant to element of intent to murder charge); *State v. Wallace*, Me., 431 A.2d 613 (1981) (evidence of prior robbery held relevant to issues of knowledge, common scheme and motive); *State v. Heald*, Me., 393 A.2d 537 (1978) (evidence of prior

attempted robbery by defendant of murder victim held admissible as relevant to issues of design, motive, knowledge and identity). The Advisers' Note to Rule 404(b) is quite explicit on this point: "The subdivision does not exclude the evidence when offered for another purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Field & Murray, *Maine Evidence* § 404.1 at 67 (1976).

The testimony regarding the defendant's two prior attempts to threaten the DeWitts was relevant to prove an element of the crime: that they were subjectively and objectively justified in feeling fear when the defendant threatened them a third time.[2] This evidence was also relevant to prove that the defendant had acted as charged, knowingly, since the fact that he had twice before attempted to threaten the DeWitts would make it more likely than not that on December 19, 1976, he was aware that pointing a gun at their home was practically certain to place them in fear of imminent bodily injury. *See* 17–A M.R.S.A. § 10 (Supp.1976) (definition of culpable state of mind of acting knowingly). The trial justice did not err in finding this evidence relevant.

■ Defendant also contends that the trial justice abused the discretion vested in him under M.R.Evid. 403 by ruling that the evidence was more probative than prejudicial. It is of course true that relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice to the defendant. *See State v. Wallace, supra; State v. Heald, supra.* This decision is committed to the discretion of the trial justice, and we review such a determination only for an abuse of discretion. *Id.*

Four eyewitnesses testified at trial. Each independently asserted that the de-

fendant had pointed a gun at the DeWitts' home on the afternoon of December 19, 1976. Thus, substantial evidence of the crime charged against the defendant existed in addition to the DeWitts' testimony that defendant had previously threatened them. The danger of unfair prejudice to the defendant as a result of admitting the challenged evidence was therefore slight at best. *See State v. Wallace, supra* at 616. We cannot say that the trial justice committed an abuse of discretion in permitting this evidence to be presented to the jury.

### (2) Admission of gun shells

■ Defendant argues that the gun shells were not relevant and were not identified as shells from the gun which the defendant allegedly pointed at the DeWitts' home, and should therefore have been excluded. We find no merit to this contention.

The shells were clearly probative on the issue of whether there had been a gun in defendant's possession, as alleged by the state, an hour before the shells were discovered. The argument concerning the lack of evidence connecting the shells to a specific firearm goes to the weight, not the admissibility, of the evidence. We find no error.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** We need not reach, and therefore express no opinion, on the question of whether under 17–A M.R.S.A. § 209 the state must prove that a *reasonable person* would have been put in fear

of imminent bodily injury, since the evidence was relevant to both this possible element and to prove that fear was actually experienced by the victim.