**STATE of Maine**

v.

**Dana BETTS.**

Supreme Judicial Court of Maine.
Argued Sept. 19, 1983.
Decided April 19, 1985.

---

Michael Povich, Dist. Atty., Sophie L. Spurr, Asst. Dist. Atty. (orally), Ellsworth, for the State.

Silsby & Silsby, Anthony W. Beardsley (orally), Ellsworth, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN, and SCOLNIK, JJ.

NICHOLS, Justice.

The Defendant, Dana Betts, appeals from his conviction in Superior Court, Hancock County, of operating a motor vehicle after being adjudicated an habitual offender. 29 M.R.S.A. § 2298.

We find no merit in any of the arguments that the Defendant advances on appeal. The Defendant has failed to demonstrate that anything done at his trial prejudiced his rights or was inconsistent with substantial justice. M.R.Crim.P. 52. Viewed in the light most favorable to the State, there was ample evidence to support a guilty verdict. *See State v. Brewer,* 413 A.2d 160 (Me.1980).

In order to prove the Defendant's birthdate, and hence his identity as the Dana Betts who had received notice of license revocation as an habitual offender, the State elicited testimony from a state trooper that he knew the birthdate because he had read it on the Defendant's license. This was not hearsay when it was not offered for the truth of the matter asserted. Rather, the Defendant objected on the grounds of self-incrimination and "best evidence." Neither of the grounds he specified was valid, and the Superior Court properly overruled the objection.[1] The De-

---

1. "The overruling of a specific objection pre- serves nothing for review unless the evidence

fendant cannot now claim that he meant to make a hearsay objection but that the words came out wrong. Furthermore, the Defendant has not demonstrated obvious error affecting any substantial right. M.R. Crim.P. 52(b).

 Similarly, we conclude that the Defendant was not prejudiced by the admission of a carbon copy of the notice of license revocation, in which all references to the Defendant's previous convictions were deleted. Uncontested, clearly valid evidence showed that the notice was served on the Defendant.

■ The Defendant contends that the Superior Court's instructions were erroneous because they failed to state that a guilty verdict must be premised on a finding that the Defendant drove on a public way. In light of the Legislature's declaration of policy regarding this statute,[2] we agree that the statute's proscription was intended to apply only on public ways.

■ The court did instruct the jury, however, that a guilty verdict must be based on a finding that the Defendant drove on Sunset Avenue in Stonington, as alleged in the indictment. Judicial notice may be taken of the fact that Sunset Avenue is a "way upon which the public has a right of access as invitees or licensees," and, hence is a public way. Our statutes define "public way" as "way dedicated to public use, way upon which the public has a right of access, as invitees or licensees." 17–A M.R.S.A. § 505(2).[3] This fact is not reasonably open to dispute and, indeed, has not been disputed by the Defendant. Hence, there was no element of the offense charged that was not adequately covered in the instructions. *Cf. State v. McKeough,* 300 A.2d 755, 757 (Me.1973). Based on these instructions, the jury clearly found beyond a reasonable doubt that the Defendant drove on Sunset Avenue.

■ It is well settled that jury instructions need state only the law applicable to the particular facts in controversy. *State v. Tibbetts,* 379 A.2d 735 (Me.1977); *State v. Benson,* 155 Me. 115, 151 A.2d 266 (1959). That the Defendant drove on Sunset Avenue being an accepted fact, the jury required no instruction thereon.

The entry will be:

Judgment affirmed.

All concurring.

---

was inadmissible for the reason stated; if the reason stated was invalid, there is no error in admitting the evidence even though the objection would have been valid if made on some other ground." 3 Glassman, *Maine Practice: Rules of Criminal Procedure Annotated* § 51.2 at 425 (1967); *see also* Field & Murray, *Maine Evidence* § 103.2 at 5 (1976).

**2.** The policy clause reads in part:

"It is declared to be the public policy of Maine:

1. *Safety.* To provide maximum safety for all persons who travel or otherwise use public highways of the State;

2. *Privileges denied.* To deny the privilege of operating motor vehicles on the highways to [habitual offenders]...."

29 M.R.S.A. § 2291.

**3.** *Cf.* P.L.1983, ch. 288 (amending the habitual offender statute to provide that an habitual offender may not operate a vehicle "on a public way, as defined in Title 17–A, section 505, subsection 2").