**STATE of Maine**

v.

**Richard L. HILDINGS.**

Supreme Judicial Court of Maine.

Argued June 1, 1992.

Decided July 27, 1992.

William R. Anderson, Dist. Atty., Gregory Dorr (orally), Asst. Dist. Atty., Wiscasset, for plaintiff.

Liisa Hamilton (orally), Thomas A. Berry, Boothbay Harbor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

Defendant Richard L. Hildings appeals his conviction on one count of criminal threatening, 17–A M.R.S.A. § 209 (1983), following a jury trial in the Superior Court (Lincoln County, *Perkins, J.*). On appeal, defendant contends that the trial court erred in permitting the state to impeach defendant's wife, who had testified favorably to her husband, by questioning her regarding a sworn statement in which ten months prior she had averred that she was afraid of her husband because he had been verbally and physically abusing her over a period of years. Finding no error, we affirm the judgment.

The evidence before the jury would support its finding that on August 19, 1990, defendant was operating a lobster-style fishing vessel in New Harbor. Upon approaching a small fiberglass rowboat from which three men were fishing, defendant accelerated and veered his vessel toward the rowboat. The wake from defendant's boat caused water to break over the stern of the rowboat pitching it from side to side almost to the point of capsizing. One of the men in the rowboat became upset at the manner in which defendant passed their rowboat, stood up, and gestured to defendant by raising his middle finger. Defendant promptly turned his vessel about and pulled it alongside the rowboat. He then took hold of a large gaff and swung it several times at the three men. One of the men had to duck to avoid the gaff, and was struck by it in his arm when he attempted to deflect the hook from otherwise injuring him.

During his trial, defendant called his wife as a witness. Mrs. Hildings testified that although she purposely did not watch the entire boat incident, she did not hear or see anything that led her to believe that anyone was being attacked or was in danger of being hurt. On cross-examination, Mrs. Hildings indicated that she had no concern, nor any reason to be concerned, about how defendant might react should she testify unfavorably to him. Immediately following the testimony the State sought the court's permission to impeach Mrs. Hildings' testimony by inquiring into a sworn statement, indicating that she was in fear of abuse from her husband due to an on-going pattern of verbal and physical abuse, which she had made in a complaint for protection from abuse filed on November 2, 1990, approximately ten months prior to the trial and two months following the incident. The court permitted the inquiry over defendant's general objection. The State never introduced as evidence Mrs. Hildings' complaint for protection from abuse. Nor did it tell the jury that she had filed for a protective order. Rather the State showed Mrs. Hildings the complaint, referring to it as a "document." Mrs. Hildings then admitted to having filled out the

document, under oath, and swearing therein that for the previous two years defendant had been both verbally and physically violent with her.

It is clear that the State could not have used Mrs. Hildings' sworn statement to argue that because defendant was abusive to Mrs. Hildings in the past, he was more likely to have committed the crime charged. *See* M.R.Evid. 404(b). It is equally clear, however, that evidence of such "bad acts" may be admissible for purposes other than proving action in conformity therewith. Here it was permissible to admit the evidence to show bias on the part of Mrs. Hildings—to impeach her testimony by more accurately depicting the parties' relationship. *See Caron v. Caron*, 577 A.2d 1178, 1180 (Me.1990) ("[w]hile evidence of these acts was not admissible for the purpose of proving that [defendant] had a bad character and that he acted in conformity with that bad character when committing the charged acts, the evidence was admissible for the purpose of establishing [defendant's] intent or the relationship between the parties").

Although the challenged evidence was relevant to impeach the testimony of Mrs. Hildings, and admissible for that purpose, it was subject to exclusion under M.R.Evid. 403 if its probative value was substantially outweighed by the danger of unfair prejudice to defendant. We have stated that "[t]he presiding justice has broad discretion in ruling on the admissibility of evidence challenged as unfairly prejudicial; review of such rulings focuses on whether there was an abuse of discretion." *State v. Wallace*, 431 A.2d 613, 616 (Me.1981). Here the record supports the trial court's decision. That Mrs. Hildings two months after the incident and ten months prior to the trial swore that due to defendant's abusive treatment of her, she was in fear of him certainly was relevant to show bias. Moreover, it was probative of her credibility given that she had previously stated that she harbored no concern whatsoever about her husband's reaction should he be unhappy with her testimony. Certainly the fact that she swore to have been abused by

defendant was prejudicial to defendant, but we can not say that the court abused its discretion in determining that such prejudice did not substantially outweigh the probative value of the impeaching evidence.

The entry is:

Judgment affirmed.

All concurring.