**STATE of Maine**

v.

**Raymond CURRIER.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 11, 1995.

Decided July 12, 1995.

---

Michael E. Povich, Dist. Atty., Steven Juskewitch, Asst. Dist. Atty., Ellsworth, for the State.

Jeffrey Toothaker, Toothaker & Chong, Ellsworth, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Raymond Currier appeals from a judgment entered in the Superior Court (Hancock County, *Mead, J.*) following a jury verdict finding him guilty of operating a motor vehicle after the suspension of his license to operate. He challenges the sufficiency of the evidence and the adequacy of the court's instructions to the jury. Although we conclude the evidence is sufficient to support the jury's verdict, we agree with Currier that the trial court's denial of his request that it instruct the jury as to the meaning of "public way" constitutes reversible error. We therefore vacate the judgment of conviction.

■ Currier was charged with violating 29 M.R.S.A. § 2184 (Pamph.1994) [1], which provides in pertinent part:

A person may not operate a motor vehicle *on any public way* or parking area in this State at a time when that person's license or permit to operate, right to operate or right to apply for or obtain a license or permit has been suspended or revoked when that person:

1. Repealed effective January 1, 1995.

2. 17–A M.R.S.A. § 505(2) (1983) provides:
 As used in this section, "public way" means any public highway or sidewalk, private way

A. Has received written notice of a suspension or revocation pursuant to section 1312–D, subsection 1, or section 2241–H or other written notice from the Secretary of State....

(Emphasis added). The court refused Currier's request to provide a definition of "public way." Because Currier timely requested this instruction, we review for "saved error." *State v. Bisson,* 491 A.2d 544, 547 (Me.1985). M.R.Crim.P. 30(b).

■ "The Defendant is entitled to have every element of the crime separately explained to the jury." *State v. Cote,* 462 A.2d 487, 489 (Me.1983). *See also State v. Earley,* 454 A.2d 341, 343 (Me.1983) ("Each element of the various crimes warrant[s] separate explanation to the jury."). The place of the operation is an element of the crime. The specific section of the statute at issue contains no definition of public way.

■ Both the State and Currier in closing arguments attempted to give content to the concept of a public way. The jury, however, could not assess the relevance of these arguments to the public way issue without the benefit of an instruction from the court on the meaning of a public way. Although we ask jurors to apply their common sense in determining the facts of a case, we cannot ask jurors to use their common sense to define the element of a crime. That definition must come from the Legislature, either explicitly or by our interpretation of a statute.

■ Given the similar objectives of the former habitual offender law (29 M.R.S.A. § 2298) and the law barring operation of a motor vehicle on a public way while one's license or registration has been suspended or revoked (29 M.R.S.A. § 2184), it is a fair inference that the Legislature intended to incorporate in 29 M.R.S.A. § 2184 the same definition of a public way that is incorporated in 29 M.R.S.A. § 2298 by reference to 17–A M.R.S.A. § 505(2). [2] That definition will give

laid out under authority of statute, way dedicated to public use, way upon which the public has a right of access or has access as invitees or licensees, or way under the control of park commissioners or a body having like powers.

the defendant the instruction to which he is entitled on the public way element of the crime.[3] The trial court should have provided that definition. *See State v. Davis*, 398 A.2d 1218 (Me.1979) (incorporating into 29 M.R.S.A. § 1314 the culpable mental state required by the criminal code).

The entry is:

Judgment of conviction vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** *State v. Betts*, 491 A.2d 1169 (Me.1985) does not provide an answer to the deficiency cited by defendant. In *Betts*, the defendant contended that the Superior Court's instructions were erroneous because they failed to state that a guilty verdict must be premised on a finding that the defendant drove on a public way. He did not ask for a definition of a public way. Given the nature of defendant's contention, and given the fact that the trial court had instructed the jury that a guilty verdict required it to find that the defendant had driven on Sunset Avenue in Stonington, we appropriately took judicial notice that Sunset Avenue was a public way within the meaning of 17-A M.R.S.A. § 505(2), thereby confirming that the trial court's instructions had, in essence, required the jury to find that the defendant was driving on a public way. In this case, the definition of a public way is the focus of defendant's contention. That contention cannot be answered by a resort to judicial notice.