STATE of Maine

v.

Arnold G. THIBODEAU.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 15, 1996.

Decided Nov. 27, 1996.

Geoffrey Rushlau, District Attorney, Patricia A. Mador, Assistant District Attorney, Wiscasset, for State.

Laurence Gardner, Boulos & Gardner, Saco, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

---

1. 17–A M.R.S.A. § 209 (1983) provides in pertinent part:

§ 209. Criminal threatening

ROBERTS, Justice.

Arnold G. Thibodeau appeals from a judgment entered on a jury verdict in the Superior Court (Lincoln County, *Atwood, J.*) convicting him of criminal threatening with a dangerous weapon in violation of 17–A M.R.S.A. §§ 209 and 1252(4) (1983). Thibodeau argues that the court failed to properly instruct the jury on the elements of the offense charged and that the failure affected his substantial rights. We affirm the judgment.

In July 1994 Thibodeau accosted Fire Chief Steven Dowdy in front of the Edgecomb fire station. Thibodeau was angry at Dowdy about an incident two years earlier in which Thibodeau was ordered to pay a fine and costs for maintaining an unattended fire on his property. Dowdy was seated on the pavement with his back against the wall of the fire station. Thibodeau, who was carrying a hoe handle, stood a few feet from Dowdy and pointed the handle so that it was only a couple of feet from Dowdy's face. He stated that if Dowdy ever came on Thibodeau's property again he would not leave under his own power. When Dowdy asked what Thibodeau was talking about, he became more agitated and used vulgarity and profanity. Dowdy testified that he was "genuinely concerned that something dangerous was about to happen" and was "concerned for the personal welfare of myself and the individuals with me."

On appeal Thibodeau concedes that he made no objection to the jury instruction; therefore, we review for obvious error pursuant to M.R.Crim.P. 52(b). He also concedes that section 209 does not expressly require that a victim's fear must be objectively reasonable.[1] He contends nonetheless that such a requirement is necessary to "weed out from the criminal process the instances in daily life where people overreact to another's actions or words." Otherwise, he argues, the unreasonable fear of any hypersensitive victim could result in a conviction. Thibodeau claims that we have previously recognized that criminal threatening requires the al-

---

1. A person is guilty of criminal threatening if he intentionally or knowingly places another person in fear of imminent bodily injury.

leged victim's fear to be objectively reasonable, citing *State v. Lindsey,* 447 A.2d 794 (Me.1982), and *State v. Thompson,* 503 A.2d 228 (Me.1986).

Thibodeau's reliance on *Lindsey* and *Thompson* is misplaced. We did not hold in either case that objective reasonableness is an essential element in the proof of criminal threatening. Indeed, we stated in *Lindsey* that we need not decide whether "the state must prove that a *reasonable person* would have been put in fear of imminent bodily injury." *Lindsey,* 447 A.2d at 796 n. 2. Thus we address for the first time the question whether section 209 requires by necessary implication that a victim's fear be objectively reasonable. We conclude that it does not.

We acknowledge that other jurisdictions, by statute or by judicial interpretation, require that a defendant's conduct be such that would place a reasonable person in fear of imminent bodily injury. *See* 2 WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 7.16 (1986). We must interpret section 209, however, in light of the framework of our criminal code. To be convicted of criminal threatening, a defendant must have acted intentionally or knowingly. In other words, the State must prove either that the defendant's purpose was to place the victim in fear or that the defendant knew it was practically certain that the victim would be placed in fear. By section 209 the Legislature has prohibited such intentional or knowing conduct directed at any person. We see no necessity to frustrate that prohibition by a judicially created requirement of objective reasonableness.

Finally, we find no obvious error in the court's instruction concerning the aggravating factor of "use of a dangerous weapon" pursuant to section 1252(4). *See State v. Franzen,* 461 A.2d 1068, 1073 (Me.1983).

The entry is:

Judgment affirmed.

All concurring.