# United States Court of Appeals
## For the First Circuit

No. 07-1190

UNITED STATES,

Appellee,

v.

BRUCE J. BELTON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Lynch, Circuit Judge,
Campbell and Selya, Senior Circuit Judges.

Paul J. Garrity for appellant.
Joseph N. Laplante, First Assistant United States Attorney, with whom Thomas P. Colantuono, United States Attorney, was on brief for appellee.

March 21, 2008

CAMPBELL, Senior Circuit Judge. Appellant Bruce Belton appeals from his convictions for drug trafficking, drug conspiracy, and multiple weapons charges following a jury trial in the United State District Court for the District of New Hampshire. Belton challenges the court's denial of his motion to suppress evidence of drugs, weapons and cash found in his Franklin, New Hampshire residence on the ground that the affidavit submitted in support of the request for the search warrant contained material omissions. Belton also contends that the court violated the Speedy Trial Act. We affirm the convictions.

In regard to the district court's denial of Belton's motion to suppress, we have carefully considered the record and appellant's arguments in light of the district court's detailed Order published as United States v. Belton, 414 F. Supp. 2d 101 (D.N.H. 2006). We find the court's analysis in its order to be convincing. Belton presented below, and now repeats, the arguments that the warrant application was fatally flawed because it intentionally or recklessly left out critical facts that were needed for a proper understanding of the facts set out in the application. Had these facts been included, Belton says, the affidavit would have then been insufficient to demonstrate probable cause for the issuance of a search warrant. See Franks v. Delaware, 438 U.S. 154, 155-56 (1978); United States v. Higgins, 995 F.2d 1, 4 (1st Cir. 1993) ("When a defendant offers proof of an

-2-

omission, the 'issue is whether, even had the omitted statements been included in the affidavit, there was still probable cause to issue the warrant.'" (quoting United States v. Rumney, 867 F.2d 714, 720-21 (1st Cir. 1989)).

The district court rejected this argument. After examining each of the alleged omissions, and with the benefit of an evidentiary hearing, the court determined that to the extent the alleged omissions could be characterized as omissions, they were not material omissions within Franks. Belton, 414 F. Supp. 2d at 110. The court concluded that, even after taking the asserted omissions into account, the warrant application was not so lacking in indicia of probable cause as to preclude the government's reliance on the good-faith exception set out in United States v. Leon, 468 U.S. 897 (1984). Belton, 414 F. Supp. 2d at 113.

On appeal, Belton repeats much the same arguments relative to the omission of certain items as he made below. In making those arguments now, he is burdened with the adverse findings of the district court, which, at this later stage, carry with them significant, although not conclusive, weight. We apply a mixed standard of review to the district court's denial of a motion to suppress, reviewing findings of fact for clear error and conclusions of law, including whether a particular set of facts constitutes probable cause, de novo. United States v. Dickerson, 514 F.3d 60, 65-66 (1st Cir. 2008) (citing United States v.

Woodbury, 511 F.3d 93, 95 (1st Cir. 2007)).  To prevail, Belton must show that no reasonable view of the evidence supports the denial of the motion to suppress.  United States v. Materas, 483 F.3d 27, 32 (1st Cir. 2007).  This he has not done.

Given the district court's careful assessment of Belton's specific arguments in its well-considered opinion, and our substantial agreement with the court's view of these matters, we see no need to undertake herein our own separate exegesis.  Suffice it to say that we have carefully considered appellant's critiques of the omissions from the affidavit and are satisfied with the district court's response to, and disposition of, each of them.  In the end, the district court found that the omitted facts were insufficient, had they been included, to cause the affidavit to fall short of demonstrating probable cause.  Belton, 414 F. Supp. 2d at 110.  We believe that its assessment of Belton's contentions was correct and amply supported.  Accordingly, following substantially the same path as did the district court in its Order, we affirm its denial of the suppression motion.

Belton also argues that the district court violated the Speedy Trial Act in granting three continuances at the request of Belton himself.  He has waived that argument by failing to seek a dismissal pursuant to the Speedy Trial Act in the district court. See United States v. Rodriguez-Duran, 507 F.3d 749, 768 (1st Cir. 2007) ("Although the sanction for a Speedy Trial Act violation is

dismissal of the indictment, the right to dismissal is waived if a defendant fails to move for dismissal prior to trial, and even plain error review is unavailable.") (citations omitted).  We need go no further.

**Affirmed.**