**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

---

No. 08-1279

UNITED STATES OF AMERICA,

Appellee,

v.

MARK NUTTER,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

---

Before

Torruella, Selya, and Lipez,
Circuit Judges.

---

Terrance McCarthy on brief for appellant.
William H. Connolly, Assistant U.S. Attorney, and Michael J.
Sullivan, United States Attorney, on motion for summary disposition
for appellee.

---

February 26, 2009

---

**Per Curiam**. Defendant-appellant Mark Nutter was indicted on one count of arson, in violation of 18 U.S.C. § 844(i); three counts of mail fraud, in violation of 18 U.S.C. § 1341; and one count of using fire to commit mail fraud, in violation of 18 U.S.C. § 844(h)(1). After a jury trial, he was convicted on all five counts and sentenced to a five-year mandatory minimum term of incarceration for arson under 18 U.S.C. § 844(i), to run concurrently with five-year sentences on each of the mail fraud counts, plus a consecutive ten-year mandatory minimum term of incarceration on the use-of-fire count under 18 U.S.C. § 844(h)(1).

In this direct appeal, the defendant raises three issues. In his counseled brief, he argues that the district court erred in instructing the jury on the interstate commerce element of the arson count and in concluding that it had no authority under 18 U.S.C. § 3553(a) to sentence him below the applicable statutory minimums. In a supplemental pro se brief, he further argues that the district court violated the Speedy Trial Act by granting various continuances without adequately explaining its reasons for doing so.

Taking the arguments in the order in which the errors purportedly occurred, we turn, first, to the defendant's pro se claim that the district court violated the Speedy Trial Act. We need not reach the merits of that argument because the defendant waived it by failing to move for dismissal on that ground before

-2-

trial.  See 18 U.S.C. § 3162(a)(2); see also United States v. Belton, 520 F.3d 80, 82 (1st Cir.), cert. denied, 129 S. Ct. 286 (2008).

This brings us to the defendant's challenge to the jury instruction on the interstate commerce element of the arson charge.[1]  Because the defendant failed either to propose an alternate instruction on that point or to object to the instruction given before the jury retired, this claim of error is reviewable only for plain error.  See Fed. R. Crim. P. 30(d), 52(b); see also United States v. Riccio, 529 F.3d 40, 46 (1st Cir. 2008).  "'[T]he plain error hurdle, high in all events, nowhere looms larger than

---

[1]That instruction was as follows:

> In order to prove the charge of arson, the government must prove . . . beyond a reasonable doubt . . . that the damaged property was used in or affected interstate commerce.

> * * *

> The government must . . . prove that the property the defendant damaged or destroyed was used in or affected interstate commerce. Interstate commerce means commerce or business between any place in one state and another place outside that state.  It also means commerce between places within the same state, but passing through any place outside the state.

> As a matter of law, rental property used for commercial purposes is in or affecting interstate commerce.

-3-

in the context of alleged instructional errors.'" United States v. Garcia-Ortiz, 528 F.3d 74, 81 (1st Cir.) (quoting United States v. Paniagua-Ramos, 251 F.3d 242, 246 (1st Cir. 2001)), cert. denied, 129 S. Ct. 254 (2008). To clear that hurdle, the defendant must show "'(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)).

The defendant has not demonstrated that an error occurred and so stumbles at the first prong. He argues that by instructing the jury "that the damaged rental property was 'used for commer[ci]al purposes . . . [and] affected interstate commerce,'" the instruction "usurped the province of the jury" and "eliminated [the interstate commerce] element from their deliberations." Actually, the court instructed the jury, twice, that "the government must prove" that the damaged property was used in or affected interstate commerce; the court then stated, "[a]s a matter of law"--not fact--that "rental property used for commercial purposes is in or affecting interstate commerce."[2] It never instructed the jury that the damaged property was, in fact, rental property used for commercial purposes or that the property

---

[2]The defendant concedes the accuracy of that statement of the law, as he must. See Russell v. United States, 471 U.S. 858, 862 (1985); United States v. Medeiros, 897 F.2d 13, 16 (1st Cir. 1990).

otherwise was used in or affected interstate commerce. Consequently, no error occurred. See United States v. Gomez, 87 F.3d 1093, 1097 (9th Cir. 1996) (characterizing similarly worded instruction as "correctly delegat[ing] the factual determination to the jury, leaving the determination of the legal standard to the court"); see also United States v. Stackpole, 811 F.2d 689, 696 (1st Cir. 1987) (finding no error when court "did not instruct the jury that the building was used in interstate commerce, but rather that if they believed some particular testimony, that testimony would be enough on that issue" (emphases omitted)).

To cinch matters, in both its initial and final instructions, the court clearly instructed the jury on its role as factfinder as opposed to the court's role as law-giver. Considered in context and "as part of the whole trial," United States v. Martínez-Vives, 475 F.3d 48, 52 (1st Cir. 2007) (internal quotation marks omitted), the challenged instruction was not error, plain or otherwise. We therefore need not reach the second, third, or fourth prongs of the plain-error standard.

The defendant's sentencing argument can be readily dispatched. The district court correctly concluded that it had no choice but to impose a ten-year mandatory minimum sentence on the use-of-fire count consecutive to the five-year mandatory minimum sentence on the arson count. See 18 U.S.C. § 844(h) (providing that a defendant convicted of this offense "shall, in

addition to the punishment provided for [the underlying] felony [here, mail fraud], be sentenced to imprisonment for ten years" and further providing, "nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment").  The defendant's only argument to the contrary is that the resulting sentence was "greater than necessary" to serve the purposes of sentencing in violation of 18 U.S.C. § 3553(a) and the principles articulated in a trio of Supreme Court cases.  See United States v. Booker, 543 U.S. 220 (2005); Kimbrough v. United States, 128 S. Ct. 558 (2007); Gall v. United States, 128 S. Ct. 586 (2007).  As this court recognized shortly after Booker, that decision had no effect on statutory mandatory minimum sentences, United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005); although the guidelines are no longer mandatory, sentencing courts must still abide by statutory mandatory minimums.  United States v. Ortiz, 447 F.3d 28, 38-39 (1st Cir. 2006).  Indeed, Kimbrough itself recognizes as much.  Kimbrough, 128 S. Ct. at 574 (recognizing that "district courts [remain] constrained by the mandatory minimums Congress prescribed").

Finding all three of the defendant's arguments to be unavailing, we grant the government's motion for summary disposition and affirm the conviction and the sentence.  See 1st Cir. R. 27.0(c).

-6-