# United States Court of Appeals
## For the First Circuit

No. 15-1292

UNITED STATES OF AMERICA,

Appellee,

v.

GARRY COLLINS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella, Lynch, and Barron,
Circuit Judges.

Lauren Wille, with whom John Paul DeGrinney and DeGrinney Law Offices were on brief, for appellant.
Renée M. Bunker, Assistant United States Attorney, with whom Thomas E. Delahanty II, United States Attorney, was on brief, for appellee.

January 22, 2016

**BARRON**, **Circuit Judge**. Garry Collins appeals his conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). He does so by challenging the District Court's denial of his pre-trial motion to suppress evidence. He also appeals his 200-month prison sentence on the ground that the District Court erroneously applied the United States Sentencing Guidelines' career offender enhancement to him. We affirm.

## I.

At approximately 10:00 a.m. on June 4, 2013, John Morin, an officer with the Portland Police Department, responded to a report that two individuals on Emery Street in Portland, Maine were fighting about drugs.[1] Those two individuals were Collins and Kristie Parsons. When Officer Morin arrived at the scene, Collins was seated in the driver's seat of Parsons's car, and Parsons was standing next to the car.

Upon running a check on the license plate on Parsons's car, Officer Morin discovered that Parsons was on bail, and he concluded that her bail conditions permitted the search of her vehicle. And so Officer Morin searched her vehicle. He found a hypodermic needle protruding from under the driver's seat, two or three key cards from the Clarion Hotel (where Parsons said she was

---

[1] The relevant facts are taken from the hearing on Collins's motion to suppress and are not in dispute.

staying) in the center console, and a blue gym bag in the back seat.

Morin asked Collins and Parsons to whom the gym bag belonged, and Collins and Parsons each denied that the bag was theirs. Parsons said that the bag belonged to "[t]he guy from [room] 133" with "some weird name." Officer Morin searched the bag, which contained not only men's clothing, underwear, and sneakers, but also cocaine, empty "sandwich bags," and razor blades.

Collins was charged with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Prior to trial, he moved to suppress the evidence found in Parsons's car, including the evidence found in the gym bag. After an evidentiary hearing at which no one -- including Collins -- claimed ownership in the gym bag, the District Court denied the motion. Collins then entered a straight guilty plea to the single count charged, but he reserved the right to challenge the District Court's denial of his suppression motion.

The case proceeded to sentencing, and the District Court sentenced Collins as a career offender, pursuant to § 4B1.1 of the United States Sentencing Guidelines. The resulting sentencing range under the guidelines was 262 to 327 months' imprisonment, but the District Court imposed a below-guidelines sentence of 200 months. Collins appeals both the conviction and the sentence.

## II.

In challenging the conviction, Collins argues that the search of the gym bag violated his Fourth Amendment rights and that the District Court therefore should have suppressed the evidence found in that bag.[2] And Collins further contends that, with that evidence out of the case, the conviction cannot stand.

The District Court rejected the motion to suppress on the ground that Collins had not asserted an ownership interest in the bag or the contents of the bag at the evidentiary hearing. We review the District Court's conclusions of law de novo and findings of fact for clear error. United States v. Belton, 520 F.3d 80, 82 (1st Cir. 2008).

Collins proceeds with his argument on the understanding that the evidence at the suppression hearing showed that the bag belonged to someone else -- "the guy from 133" who had "some weird name." But Collins argues that even accepting that fact, Officer Morin should have ceased searching the bag when he discovered "male clothes," as at that point Morin would have known that the bag did

---

[2] In his brief on appeal, Collins challenged both the search of the car and the search of the gym bag. At oral argument, however, Collins's counsel stated that Collins is "not challenging the search of the car," and conceded that "there was no violation of a Fourth Amendment right there." And so we, too, proceed on the understanding that the search of the car was constitutional, and that the only question before us is whether the search of the bag violated Collins's rights.

not belong to Parsons and therefore that her bail conditions did not permit its search.

Collins's argument, however, is beside the point.  The District Court correctly held that Fourth Amendment rights are "personal" and that Collins may successfully challenge the search of the bag on Fourth Amendment grounds only if he has "a legitimate expectation of privacy" in that bag.  United States v. Sanchez, 943 F.2d 110, 112 (1st Cir. 1991) (citing Rakas v. Illinois, 439 U.S. 128, 138-48 (1978)).  Because Collins does not challenge the District Court's finding that he did not claim the bag was his, he cannot show he had an expectation of privacy in the bag.  Thus, his Fourth Amendment argument fails.  And while Collins contends that he cannot be forced to admit his guilt in order to preserve his Fourth Amendment rights, the law is clear that, at a suppression hearing, a defendant may assert ownership of property without that assertion later being used against him at trial.  See United States v. Symonevich, 688 F.3d 12, 21 n.6 (1st Cir. 2012) ("[W]e have long held that testimony given to meet standing requirements cannot be used as direct evidence against the defendant at trial on the question of guilt or innocence." (internal quotation marks omitted)).  Accordingly, we affirm the District Court's denial of the suppression motion.

Collins's challenge to his sentence is also without merit. He argues that the District Court erred when it sentenced him as a career offender pursuant to U.S.S.G. § 4B1.1. Under that guideline, a defendant is a "career offender" and subject to a potentially greater offense level than would otherwise be applicable, so long as three conditions are met. Only one of those conditions is at issue here: that "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).[3]

The parties agreed at sentencing that Collins's prior conviction for drug trafficking qualified as a "controlled substance offense," and the District Court proceeded on this understanding as well. But the parties disagreed as to whether the second of the government's proposed predicate offenses -- "criminal threatening with a dangerous weapon" -- qualified as a "crime of violence." Collins argued that the offense did not qualify as a crime of violence and therefore that he should not be sentenced as a career offender.

---

[3] The two other conditions are, first, that "the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction" and, second, that "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

The sentencing guidelines define "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that":

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The District Court concluded that Collins's prior state court conviction for criminal threatening with a dangerous weapon qualified as a crime of violence under subsection (1) of this definition, the so-called "Force Clause." And it is to this conclusion that Collins now objects.

We review the District Court's decision on this purely legal question de novo. See United States v. Curet, 670 F.3d 296, 301-02 (1st Cir. 2012).[4] And we affirm.

The parties agree that Collins's prior offense of conviction "constitutes a crime of violence 'only if its elements are such that we can conclude that a person convicted of the offense has necessarily been found guilty of conduct that meets

---

[4] The government argued below that the prior conviction qualified under both the Force Clause and the catch-all clause in subsection (2), known as the "Residual Clause." The District Court did not address the latter argument, and the government does not press it on appeal.

the [§ 4B1.2(a)][(1)] definition.'" United States v. Ramos-González, 775 F.3d 483, 504 (1st Cir. 2015) (quoting United States v. Martínez, 762 F.3d 127, 133 (1st Cir. 2014)) (alteration in original). In other words, under this categorical approach, "the elements of the statute of conviction, not . . . the facts of [Collins's] conduct," determine the proper classification of the offense of which Collins was convicted. Id. (quoting United States v. Fish, 758 F.3d 1, 5 (1st Cir. 2014)) (omission in original).

The parties also agree that, pursuant to the statutes under which Collins was convicted, a person is guilty of "criminal threatening with a dangerous weapon" if "he intentionally or knowingly places another person in fear of imminent bodily injury," 17-A M.R.S. § 209(1), "with the use of a dangerous weapon," id. § 1252(4). Maine law defines "use of a dangerous weapon" as "the use of a firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which, in the manner it is used or threatened to be used is capable of producing death or serious bodily injury." Id. § 2(9)(A).

Putting these statutory definitions together, we conclude that Collins's prior conviction for criminal threatening with a dangerous weapon qualifies as a crime of violence under the Force Clause. The statutory elements are such that his conviction required proof that Collins intentionally or knowingly placed his victim in fear of imminent bodily injury through use of an

instrument which, in the manner Collins used or threatened to use it, was capable of producing death or serious bodily injury. This necessarily constitutes "threatened use of [force capable of causing physical pain or injury] against the person of another." U.S.S.G. § 4B1.2; United States v. Johnson, 559 U.S. 133, 140 (2010) (defining "physical force" as "violent force," and "violent force" as "force capable of causing physical pain or injury").

In arguing against this conclusion, Collins cites the Maine Supreme Court's decision in State v. Thibodeau, 686 A.2d 1063, 1064 (1996). That case did not concern criminal threatening with a dangerous weapon. Rather, Thibodeau held that, for the broad crime of criminal threatening, a conviction could lie if the defendant intended, or knew it was practically certain, that his victim would be "placed in fear" of imminent bodily injury, even if that fear was not reasonable. See id.

We do not see how Thibodeau renders non-violent Collins's offense of conviction. That offense requires that the threatening occur through the use of a "dangerous weapon," which Maine defines to be one "which, in the manner it is used or threatened to be used is capable of producing death or serious bodily injury." 17-A M.R.S. §§ 1252(4), 2(9)(A). And so, whatever Thibodeau may reveal about the proper definition of criminal threatening, it does not show that criminal threatening with a dangerous weapon is not a crime of violence. Cf. United States v.

- 9 -

Whindleton, 797 F.3d 105, 113-16 (2015) (holding that assault with a dangerous weapon is a violent felony for the purposes of the ACCA because "[l]ogically, the harm threatened by an assault is far more violent than offensive touching when committed with a weapon that is designed to produce or used in a way that is capable of producing serious bodily harm or death").

We also are not persuaded by Collins's other ground for contending that his prior conviction for criminal threatening with a dangerous weapon is not a crime of violence. He argues that such classification would be wrong because the weapon he was alleged to have used -- a box cutter -- was not designed to be used as a dangerous weapon. But although the Maine statutes that define the offense at issue here speak in terms of a weapon's capabilities, rather than its design, this distinction is of no consequence for present purposes. It is clear that threatening someone with an item "capable of producing death or serious bodily injury," 17-A M.R.S. § 2(9)(A) -- whether that item is designed as a weapon or not -- constitutes threatening physical force. And that is enough to render Collins's offense of conviction a crime of violence under the career offender guideline.

## IV.

For the foregoing reasons, we **affirm** Collins's conviction and sentence.