USCA1 Opinion

 

 March 19, 1993 UNITED STATES COURT OF APPEALS For The First Circuit ____________________ No. 92-1668 UNITED STATES OF AMERICA, Appellee, v. HENRY OLAWALE BALOGUN, Defendant, Appellant. ____________________ No. 92-1825 UNITED STATES OF AMERICA, Appellee, v. EBENEZER ALUKO, Defendant, Appellant. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Boudin, Circuit Judges. ______________ _____________________ Edward C. Roy, Jr., with whom Roy & Cook, was on brief for ___________________ ___________ appellant Henry Olawale Balogun. Francis J. Gillan III for appellant Ebenezer Aluko. _____________________ Margaret E. Curran, Assistant United States Attorney, with __________________ whom Lincoln C. Almond, United States Attorney, and Seymour __________________ _______ Posner, Assistant United States Attorney, were on brief for ______ appellee. ____________________ March 19, 1993 ____________________ TORRUELLA, Circuit Judge. Appellants Ebenezer Aluko _____________ and Henry Olawale Balogun pled guilty to conspiracy, mail fraud, and insurance fraud in violation of 18 U.S.C. 371, 1341-42 (1984) and 42 U.S.C. 408(a)(7)(B) (1991). Specifically, appellants procured insurance coverage on vehicles registered under fictitious names. The conspiracy entailed one hundred and twenty-four fraudulent claims amounting to $620,000.1 Balogun and another co-defendant initiated the scheme on April 1, 1989; Aluko joined the conspiracy on or about October 6, 1990. The district court sentenced Aluko to twenty-four months in prison2 and Balogun to thirty-three months.3 Appellants appeal their sentences. "We review a trial court's determinations under the [United States] Sentencing Guidelines only for clear error." United States v. Panet-Collazo, 960 F.2d 256, 262 (1st Cir.) _____________ _____________ (citing United States v. Sklar, 920 F.2d 107, 110-11 (1st Cir. _____________ _____ 1990)), cert. denied, 113 S. Ct. 645 (1992). However, we _____________ interpret provisions of the relevant guidelines de novo. United _______ ______ States v. St. Cyr, 977 F.2d 698, 701 (1st Cir. 1992). Because we ______ _______ find no clear error in the district court's calculation, we affirm Balogun's sentence. However, we find that the district ____________________ 1 Although the claims amounted to $620,000, appellants' arrest prevented the collection of $403,000. 2 The judge also imposed a three-year term of supervised release, restitution of $16,750, and a $50 special assessment. 3 The judge also imposed a three-year supervised release term, restitution of $100,000 if the defendant was not deported, and a $200 special assessment. -3- court improperly interpreted a guideline relevant to Aluko's sentence. Thus, we vacate that sentence and remand for re- sentencing consistent with this opinion. We address the appeals in turn. Appellant Aluko Appellant Aluko _______________ At his sentencing hearing, Aluko contested his presentence report's calculation of offense level under the United States Sentencing Guidelines ("U.S.S.G.").4 In calculating the total offense level in the presentence report, the probation officer based his calculation on all one hundred and twenty-four fraudulent claims filed as part of the conspiracy. As these claims amounted to $620,000, he enhanced Aluko's base offense level by ten levels pursuant to U.S.S.G. 2F1.1(b)(1)(K) (Nov. 1991) (ten level offense increase required for losses between $500,000 and $800,000). In addition, the probation officer concluded that Aluko's participation in the scheme involved more than minimal planning. Thus, he further enhanced Aluko's offense level by two levels pursuant to U.S.S.G. 2F1.1(b)(2) (Nov. 1991).5 Finally, the probation officer also subtracted two levels for acceptance of responsibility. The district court adopted the presentence report calculation. ____________________ 4 Both parties agree that the 1991 sentencing guidelines apply to this case. 5 Section 2F1.1(b)(2) provides: If the offense involved . . . more than minimal planning . . . increase by 2 levels. -4- At sentencing, Aluko challenged the presentence report on two grounds, both of which he revives in this appeal. First, Aluko contends that the government established his involvement in only ten of the one hundred and twenty-four fraudulent claims, and that he can only be held responsible for those ten claims. He asserts that the rest of the claims were actions of co- conspirators which were not reasonably foreseeable to him. See ___ U.S.S.G. 1B1.3(a)(1), Application Note 1 (Nov. 1991) (for sentencing purposes, defendant is accountable for "conduct of others in furtherance of the execution of jointly-undertaken criminal activity that was reasonably foreseeable by the ___________________________________ defendant") (emphasis added). In its sentencing ruling, the district court never discussed whether Aluko's co-conspirators' additional one hundred and fourteen fraudulent claims were reasonably foreseeable to Aluko. The court simply concluded that Aluko was a conspirator with two other people. He was an important part of the conspiracy regardless of the numerical figures involved in claims filed, or in amount of money that he received. And so, he's responsible for the whole conspiracy. It's seldom that we find co- conspirators who know all facets of the operation. They know they're involved in a conspiracy and they're involved at one tier level or another and, therefore, are integral parts and necessary parts of the success of the whole conspiracy. (sentencing hearing transcript at 14). This language suggests that once a defendant plays an integral role in a conspiracy, he is liable for co-conspirator -5- acts in furtherance of the conspiracy, regardless of their foreseeability. While this language correctly describes the proper standard for a defendant's criminal conviction for co- ___________________ conspirator acts, United States v. Fusaro, 708 F.2d 17, 21 (1st _____________ ______ Cir. 1983), it does not correctly describe a defendant's responsibility for these actions for sentencing purposes. __________________________ U.S.S.G. 1B1.3(a)(1), Application Note 1; United States v. ______________ O'Campo, 973 F.2d 1015, 1025-26 n.11 (1st Cir. 1992). _______ We might in some circumstances treat a finding of foreseeability as inherent in the nature of the conspiracy. In this case, however, it appears that the judge thought foreseeability inherent in all conspiracies. This is not the ___ law. In addition, some of the co-conspirator acts presumably occurred before Aluko joined the conspiracy as he joined one year after it began. By definition, acts that occurred before a defendant enters a conspiracy cannot be foreseeable. O'Campo, _______ 973 F.2d at 1026. Accordingly, we vacate Aluko's sentence and remand for a determination of which, if any, of co-defendants' actions were reasonably foreseeable to Aluko,6 and for re-sentencing in accordance with that determination. Second, Aluko argues that he played a minimal or minor role in the conspiracy, and thus deserved a downward adjustment ____________________ 6 We note that this determination should also address the issue of which co-conspirator conduct, if any, took place before Aluko joined the conspiracy. -6- to his total offense level pursuant to U.S.S.G. 3B1.2(a) and (b) (Nov. 1991).7 We first note that defendants are not automatically entitled to a downward adjustment, whatever their role in the crime. United States v. Valencia-Lucena, 925 F.2d _____________ _______________ 506, 514 (1st Cir. 1991). Indeed, the record in this case adequately supports the district court's denial of the reduction. Aluko indicated that his involvement in the conspiracy began on October 6, 1990. He remained active in the conspiracy until he was arrested one year later. He was directly involved in at least ten fraudulent claims. Ultimately, the court concluded that Aluko was an integral part of the conspiracy and granted him no reduction. We find no clear error in this determination. Appellant Balogun Appellant Balogun _________________ Before Balogun's sentencing, the government objected to his presentence report, claiming that his total offense level should have been increased two points pursuant to U.S.S.G. 3B1.1(c) (Nov. 1991).8 Specifically, the government argued ____________________ 7 Section 3B1.2(a) provides: If the defendant was a minimal participant in any criminal activity, decrease by 4 levels. Section 3B1.2(b) provides: If the defendant was a minor participant in any criminal activity, decrease by 2 levels. 8 Section 3B1.1(c) provides: If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in -7- that Balogun was an "organizer, leader, or supervisor" of the conspiracy for the purposes of that section. The sentencing judge accepted the government's representations and increased the total offense level from sixteen to eighteen. Balogun offers two principal arguments against the judge's calculation of his sentence. First, he argues that the district court impermissibly relied on the prosecutor's statements in reaching its conclusion. Balogun does not challenge the facts at issue; however, he challenges the application of 3B1.1(c) to these facts. Application Note 3 of U.S.S.G. 3B1.1 counsels that in determining whether a defendant is an organizer, leader, or supervisor pursuant to 3B1.1(c), the court should consider factors including: (1) decision making authority; (2) participation in the offense; (3) recruitment of accomplices; (4) claimed right to a larger share of the fruits of the crime; (5) degree of planning or organizing; (6) nature of illegal activity; and (7) degree of control over others. The undisputed facts in the present case show that Balogun initiated the conspiracy with another co-conspirator; he received significantly more money from the conspiracy than Aluko; he used cars fraudulently registered to Aluko to stage accidents; and he paid Aluko for his cooperation in the scheme. We find no clear error in the district court's conclusion that Balogun fit the role of an organizer, leader, or supervisor. ____________________ (a) or (b), increase by 2 levels. -8- Second, Balogun argues that the sentence adjustment resulted in impermissible double counting because in addition to the increase for being an organizer, supervisor, or leader, the district court also accepted the presentence report's enhancement of Balogun's sentence for more than minimal planning pursuant to U.S.S.G. 2F1.1(b)(2). In United States v. Fuller, 897 F.2d 1217, 1222 (1st _____________ ______ Cir. 1990), we reversed an enhancement based on 3B1.1(c), noting our concern that such an enhancement would result in double counting. The sentencing court in that case based both its 3B1.1(c) and its 2F1.1(b)(2) enhancements on one fact: the quantity of marijuana involved. See id. ___ __ Balogun argues that the sentencing judge considered the elaborate nature of the scheme in applying the increase for an organizer, leader, or supervisor even though that complexity was already accounted for in the more than minimal planning enhancement. In support of this contention, Balogun notes the following statements by the sentencing judge. . . . I'm satisfied that Mr. Balogun and Mr. [Oyelele] were the organizers of this scheme. They were the people who thought this matter up, maybe with help of others unknown, and Aluko was just one of the people who was initiated into the scheme, to be part of some facets of it. So I'm ______ satisfied that Balogun and [Oyelele] were _________ organizers and leaders and supervisors of this matter. . . . This was a fairly elaborate scheme, one that required a lot of planning and a lot of organization, and a lot of fraudulent documents. And, therefore, I think, under the circumstances, the total -9- offense level should be 20. . . . (sentencing transcript at 9) (emphasis added). As we see it, this language shows that the court based his 3B1.1(c) enhancement decision on Balogun's initiation of the scheme and recruitment of Aluko, not on the complexity of the scheme. The judge's allusion to the scheme's elaborate nature simply provided further superfluous justification for the resulting total offense level. We therefore find no impermissible double counting.9 We affirm Balogun's sentence in its entirety. Affirmed in part; reversed and remanded in part. _______________________________________________ ____________________ 9 As an alternative ground, we note that as Balogun did not clearly raise this issue in the district court, he is precluded from raising it on appeal. United States v. Ortiz, 966 F.2d 707, _____________ _____ 717 (1st Cir. 1992), cert. denied, 113 S. Ct. 1005 (1993). ____________ -10-