UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JOSE RUDOLFO CORTINAS, a/k/a B. J.
Cortinas,
Defendant-Appellant.

No. 96-4287

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Chief District Judge.
(CR-95-68)

Submitted: December 10, 1996

Decided: January 27, 1997

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bridgett Britt Aguirre, Fuquay-Varina, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, Scott L. Wilkinson,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jose Rudolfo Cortinas pled guilty to a criminal information charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 (1994). The evidence showed that Cortinas was part of a telemarketing scheme that targeted individuals with poor credit histories and fraudulently offered them credit cards. The probation officer determined that Cortinas was a member of the conspiracy from late August 1993 through May 1994, when the operation ended, and Cortinas was found culpable for $1,217,091.70. Finding no error, we affirm.

Cortinas argues that the district court's calculation of the losses attributable to him are incorrect because it includes amounts incurred both before Cortinas joined the conspiracy and after he left. There is no dispute that such amounts must be excluded. See United States v. Sneed, 63 F.3d 381, 389-90 (5th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3453, 64 U.S.L.W. 3466 (U.S. Jan. 8, 1996) (No. 95-802); United States v. Balogun, 989 F.2d 20, 22 (1st Cir. 1993).

The sentencing issue presented by Cortinas is a factual determination, which is reviewed under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). In the present case, we find that the evidence adequately supports the district court's determination of Cortinas' culpability.

Cortinas had an affirmative duty to present evidence showing why the presentence report was incorrect; mere objections were not sufficient. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). In the present case, Cortinas claimed that he left the conspiracy in January 1994, but did not offer any evidence to support this claim. Moreover, Cortinas pled guilty to the language in the criminal information, which stated that he was a member of the conspiracy until May 1994.

2

Likewise, Cortinas did not present any evidence to show that additional amounts, other than that already subtracted, were earned by the conspiracy prior to his joining.

We therefore affirm the findings and sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3