**In re Alvin C. ROSE and wife, Beverly Rose, Debtors.**

**Alvin C. ROSE and wife, Beverly Rose, Plaintiffs,**

v.

**COMMERCIAL NATIONAL BANK and Internal Revenue Service, Defendants.**

Bankruptcy No. 89-91335.
Adv. No. A-89-9194.

United States Bankruptcy Court,
E.D. Texas,
Beaumont Division.

Dec. 28, 1989.

Edwin E. Buckner, Jr., Sandlin & Buckner, Marshall, Tex., for plaintiff/debtor Alvin C. Rose.

Christopher S. Cole, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for defendant I.R.S.

Michael J. McNally, Tyler, Tex., for defendant Commercial Nat. Bank.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

This matter comes before the Court on an adversary Complaint filed by Debtors requesting the Court to enjoin Commercial National Bank from releasing certain funds to the Internal Revenue Service; to compel Commercial National Bank to turn over the funds to Debtor-in-Possession and to award damages to Debtor-in-Possession from Internal Revenue Service for alleged violations of the automatic stay. Both Commercial National Bank and Internal Revenue Service have answered the Complaint, denying the Debtor is entitled to the relief sought, and in the case of Commercial National Bank asserting a counter-claim alleging that some unspecified portion of the funds in question is collateral or the cash proceeds of collateral under U.C.C. § 9–306. Commercial National Bank has also filed a cross-claim against Internal Revenue Service asserting a right to interplead the non-collateral portion of the funds into the registry of the Court. However, no funds were ever tendered for deposit into the registry of the Court. This opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

The facts which give rise to this controversy are not in dispute and were stipulated to by the parties at the regularly scheduled hearing. The Internal Revenue Service assessed income taxes for calendar year 1983 against Debtors and upon Debtors' failure to pay on demand a notice of levy pursuant to 26 U.S.C. § 6331 was issued on June 15, 1989, in the amount of $56,682.63. The notice of levy reached Commercial National Bank on June 19, 1989, where Debtor had $32,260.65 in six accounts and a seventh account which was overdrawn in the amount of $2,234.95. The net amount on deposit in Debtors' accounts is $30,025.70 which is the amount that all parties have treated as the amount in controversy.

On June 23, 1989, Debtors instituted this proceeding under Chapter 11 of Title 11 of the United States Code by filing a voluntary Petition in bankruptcy. Contemporaneously with the filing of the bankruptcy Petition the Debtors made demand upon Commercial National Bank for the surrender of the funds the bank was holding. This placed the bank squarely in the position of having two competing claims for the monies on deposit and set the stage for the instant proceeding.

The question before the Court for resolution is whether or not the funds on deposit in Commercial National Bank constitute property of the estate under 11 U.S.C. § 541 or whether the prepetition levy served by Internal Revenue Service effectively transfers the money to the Internal Revenue Service in payment of Debtors' tax liability. If the funds in question are property of the estate, then they are subject to a turn-over order under Title 11 § 542 and if they are not property of the estate, then this Court has no jurisdiction to order their delivery to the Debtor-in-Possession.

The question of the effect of a prepetition notice of levy is not a novel issue. It has been presented to the Courts many times for resolution. The jurisprudence is far from uniform on the issue and one can find jurisprudential support for virtually any position one wishes to take. Each party has cited various cases to the Court supporting its position and the Court has been unable to find any case that is squarely on point and controlling in this jurisdiction.

The "bankruptcy estate" is created by the filing of the bankruptcy Petition. 11 U.S.C. § 541 describes the bankruptcy estate as "all legal or equitable interest of the Debtor in property as of the commencement of the case." Section 542 of the Code requires all property of the estate to be delivered to the Trustee (Debtor-in-Possession is analogous to Trustee). Thus, the question in our case is whether or not the monies on deposit at Commercial National Bank in the name of Debtor were monies in which the Debtor had a legal or equitable interest when the Petition in bankruptcy was filed on June 23.

The parties have cited three Supreme Court cases to the Court which are *Phelps v. United States,* 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975); *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) and *United States v. National Bank of Commerce,* 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). This Court does not find that *Phelps v. United States* is helpful in resolving the issue. That case was decided under the prior Bankruptcy Act and was concerned with the question of summary versus plenary jurisdiction. With the expanded jurisdiction of bankruptcy courts under the Bankruptcy Code, the holding in *Phelps* seems no longer applicable under the new Bankruptcy Code. The *Whiting Pools, Inc.,* case deals with tangible property that had been seized by the Internal Revenue Service. The Petition in bankruptcy was filed following the seizure but prior to the offering of the property for public sale in accordance with the enforcement provisions of the Internal Revenue Code. The Court recognized the Debtors' right to redemption of the property prior to its sale and the Debtors' right to any surplus proceeds produced by the sale of the tangible property. Based on those rights remaining in the Debtor the Court found that the Debtor had sufficient rights in the property to bring it within the description of property of the estate in § 541. Debtor has cited the *United States v. National Bank of Commerce* case for the proposition that the notice of seizure does not divest the taxpayer of his ownership rights in the property so long as it remains in the hands of the person receiving the notice of levy. The issues in the *National Bank of Commerce* case dealt with ownership of funds in a joint account and the right of the parties to contest the division of ownership when the taxpayer was only one of the signatories on the joint account. The holding in that case has no application to the question before this Court. That case stands for the proposition that when there is a dispute over the ownership of the funds levied upon all parties with a claim to those funds have a right to a judicial determination of their property interests.

Debtor has cited a group of cases decided by various bankruptcy courts around the country dealing with accounts receivable and bank accounts in which the Courts have followed the rationale in *Whiting Pools* and held that the Debtor retained a sufficient interest in the bank account following a prepetition levy to make it property of the estate under Code § 541. *In re AIC Industries, Inc,* 83 B.R. 774 (Bkrtcy. Colo., 1988); *In re Hudson Valley Ambulance,* 11 B.R. 860 (Bkrtcy.S.D.N.Y., 1981); *Matter of Bristol Convalescent Home,* 12 B.R. 448 (Bkrtcy.Conn.1981); *In re Davis,* 35 B.R. 795 (Bkrtcy.Wash., 1983); *In re Dunne Trucking Company,* 32 B.R. 182 (Bkrtcy.Iowa, 1983) and *In re Suppliers Incorporated,* 41 B.R. 520 (Bkrtcy.Conn. 1984). The case of *In re Davis,* 35 B.R. 795 (Bkrtcy.Wash., 1983) is based on a set of facts that is indistinguishable from the facts before this Court. However, this Court remains unconvinced that there is a sufficient property interest remaining in the Debtor following the service of a prepetition notice of levy to cause the levied upon property to become a part of the estate upon the filing of the bankruptcy petition. I have carefully reviewed each of the cited cases and it seems that the existence of a remaining interest in cash or cash collateral is just assumed without there being any persuasive reasoning to identify a property interest to be protected. Insofar as the Internal Revenue Service is concerned the service of the notice of levy is complete upon the delivery of the document to the bank holding the funds. There is nothing further for the Internal Revenue Service to do since the document itself contains notice of the seizure of the funds and a demand for payment of the funds as required in 26 U.S.C. § 6331 and § 6332. The remainder of the provisions dealing with levy and distraint are not applicable to service of a notice of levy on a bank account but deal with the physical seizure of tangible property or intangible rights that must then be disposed of through public sale to convert them to cash. It seems clear that the seizure of cash or cash equivalent in the form of a bank account is very different from the seizure of tangible prop-

erty. One Court has described the service of a notice of levy as "virtually a transfer to the government of the indebtedness." *United States v. Eiland,* 223 F.2d 118, 121–22 (4th Cir., 1955). A seizure of tangible property must be followed by conversion of the property to cash by following the procedures for public sale. It is clear that in the interim between the seizure of the tangible property and the disposal of the tangible property the taxpayer retains the right to redeem the property by paying the tax due and retains the right to have any surplus the sale of the property might produce. Neither of these rights have any application to a situation where the Internal Revenue Service has seized cash in an amount less than the amount of tax due. *Cross Electric Company v. United States of America,* 664 F.2d 1218 (4th Cir., 1981).

None of the cases cited by Debtor are at all persuasive in the fact situation presented to this Court. This Court most closely follows the reasoning expressed in the case of *In re Professional Technical Services,* 71 B.R. 946 (Bkrtcy.E.D.Mo., 1987) where the Court concluded that an I.R.S. levy extinguished the Debtors' interest in receivables when it was served prior to the filing of the bankruptcy petition. Like the Missouri Court this Court can also find no identifiable property interest remaining in the Debtor following the service of a pre-petition notice of levy on Debtors' bank account. Accordingly, this Court finds that the funds on deposit with Commercial National Bank are not property of the bankruptcy estate and that this Court has no authority to order that they be delivered to the Debtor-in-Possession nor to enjoin Commercial National Bank from delivering them to the Internal Revenue Service.