USCA1 Opinion

 

 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 92-2202 UNITED STATES, Appellee, v. RAYMOND LEE HIGGINS, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Ricky L. Brunette with whom Brunette, Shumway & Ryer was on brief __________________ ________________________ for appellant. Margaret D. McGaughey, Assistant United States Attorney, with _______________________ whom Richard S. Cohen, United States Attorney, and Richard W. Murphy, ________________ _________________ Assistant United States Attorney, were on brief for appellee. ____________________ May 28, 1993 ____________________ STAHL, Circuit Judge. In this appeal, defendant _____________ Raymond Lee Higgins argues that the district court improperly denied his request for in camera disclosure of a confidential __ ______ government informant. Finding that the district court did not abuse its discretion in denying defendant's request, we affirm. I. I. __ BACKGROUND & PRIOR PROCEEDINGS BACKGROUND & PRIOR PROCEEDINGS ______________________________ In January of 1992, Detective Captain Rick Frazee of the Fairfield, Maine, Police Department learned from a confidential informant that defendant, a parolee from a federal drug trafficking conviction, was regularly supplying Daryl Coskery, another known drug dealer, with large quantities of marijuana. The informant also told Frazee that defendant and Coskery intended to drive from Waterville, Maine, to Virginia Beach, Virginia, in order to purchase $50,000.00 worth of marijuana. He provided such details as the car in which the defendant and Coskery would travel, and the approximate dates and times of departure and return. Using this information, Frazee, along with Kenneth MacMaster, a Special Agent with the Maine Bureau of Intergovernmental Drug Enforcement (BIDE), and two other BIDE agents, observed defendant and Coskery leaving the state at the time and in the manner predicted by the informant. -2- 2 Based on these facts and their corroborative surveillance, MacMaster sought a warrant to search, upon defendant's return to Maine, his car and home for drugs, evidence of drug trafficking, and firearms. MacMaster's search warrant affidavit outlined the events described above, and attested to the confidential informant's reliability as established by his previous participation in approximately six earlier controlled drug buys which resulted in arrests and convictions. A State of Maine District Court Judge issued the warrant. Pursuant to the warrant, defendant was apprehended upon his return to Maine by police officers positioned at the state line. The ensuing car search yielded less than one ounce of marijuana. The search of defendant's home yielded another small marijuana supply in addition to four firearms. On February 13, 1992, defendant was indicted in federal court on four counts of possession of a firearm in violation of 18 U.S.C. 922(g)(1) and 924(a)(2).1 ____________________ 1. 18 U.S.C. 922(g)(1) provides in relevant part: It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to . . . possess . . . any firearm or ammunition . . . . 18 U.S.C. 924(a)(2) governs fines and imprisonment for violations of 922(g)(1). The crime for which defendant was paroled at the time of his arrest was punishable by imprisonment for more than one year. -3- 3 On March 3, 1992, defendant filed a pre-trial motion seeking, inter alia, in camera disclosure of the _____ ____ __ ______ confidential informant's identity. Defendant argued that such disclosure was necessary in order for him to make the preliminary showing required to obtain a Franks suppression ______ hearing.2 A Magistrate Judge recommended denial of the request, and on May 28, 1992, the district court reviewed and accepted that recommendation. Following a one-day jury trial on June 6, 1992, defendant was convicted on all counts. II. II. ___ DISCUSSION DISCUSSION __________ On appeal, defendant argues that the district court erred in denying his request for in camera disclosure of the __ ______ confidential informant's identity. We do not agree. When the government obtains a search warrant based on information provided by a confidential informant, defendants often lack the information required to meet the ____________________ 2. Under Franks v. Delaware, 438 U.S. 154, 155-56 (1977), a ______ ________ defendant may obtain a suppression hearing if s/he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause . . . ." If, at the hearing, it is determined that such a false statement was intentionally or recklessly included in the warrant affidavit, evidence obtained pursuant to the false statement must be suppressed. Id. at 156. ___ -4- 4 exacting standards of Franks.3 See, e.g., United States v. ______ ___ ____ ______________ Southard, 700 F.2d 1, 10-11 (1st Cir. 1983). In such cases, ________ district courts may conduct in camera examinations of the ___ __ ______ affiant and, if necessary, of the informant, in order to determine whether disclosure of the confidential informant's identity would enable the defendant to obtain a Franks ______ hearing. Id. ___ However, "a district court need not conduct an in __ camera hearing whenever the identity of an informant is ______ requested." United States v. Fixen, 780 F.2d 1434, 1439 (9th _____________ _____ Cir. 1986). Rather, "it should rest entirely with the judge who hears the motion to suppress to decide whether [s/]he ______ needs such disclosure as to the informant in order to decide ____________________ 3. Franks, 438 U.S. at 171, provides a clear standard for ______ determining whether a defendant has made a sufficient preliminary showing to obtain a hearing: There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. The deliberate falsity or reckless disregard whose impeachment is permitted . . . is that of the affiant, not of any nongovernmental informant. -5- 5 whether the officer is a believable witness." United States _____________ v. Jackson, 918 F.2d 236, 241 (1st Cir. 1990) (citations and _______ internal quotations omitted) (emphasis in original). See ___ also United States v. Giacalone, 853 F.2d 470, 477-78 n.1 ____ _____________ _________ (6th Cir. 1988) ("We believe that the trial judge should retain the discretion to determine what type of hearing is necessary, if any, to determine the veracity of the affiant in cases where the defendant has alleged that the affidavit contains false information, but has failed to make a `substantial preliminary showing' that the affiant has lied _______ such as that which would require a Franks hearing.") ______ (emphasis in original). Finally, "a decision denying a defendant's request for an in camera proceeding should be __ ______ overturned only if there is an abuse of discretion." Fixen, _____ 780 F.2d at 1439. Our careful review of the record in the instant case shows no abuse of discretion. Defendant's motion for in camera disclosure begins __ ______ by naming an individual, Matthew Tulley, whom defendant suspects was the confidential informant. The motion goes on to suggest that Tulley was aware that defendant and Coskery planned an innocent trip to Virginia, but that Tulley, in concert with Frazee and MacMaster, fabricated the notion that the trip was for the purpose of purchasing marijuana. If true, these allegations might raise serious constitutional issues. Defendant fails, however, to offer proof of any fact -6- 6 that is materially inconsistent with the facts recited in MacMaster's search warrant affidavit. First, defendant offers to prove that Tulley learned of the trip through an acquaintance, Dale Peters, and that Peters never told Tulley that the purpose of the trip was to purchase marijuana. Defendant does not contend, however, that Peters was the only person who knew of the trip to Virginia. Thus, even if Tulley was the informant, he might easily have learned additional information about the illicit nature of the trip from a source other than Peters. Accordingly, defendant's offer of proof regarding Peters is not at all inconsistent with MacMaster's affidavit. Second, defendant offers to prove that on the evening of defendant's and Coskery's departure from Maine, Tulley, under the surveillance of Frazee and MacMaster, unsuccessfully attempted to make a controlled purchase of marijuana from Coskery. Moreover, defendant claims that this attempted purchase was not included in MacMaster's search warrant affidavit. Again, this offer of proof misses the mark. When a defendant offers proof of an omission, the "issue is whether, even had the omitted statements been included in the affidavit, there was still probable cause to issue the warrant." United States v. Rumney, 867 F.2d 714, _____________ ______ 720-21 (1st Cir.), cert. denied, 491 U.S. 908 (1989). Here, _____ ______ the controlled purchase incident is not necessarily -7- 7 inconsistent with any of the other events recounted in the warrant affidavit. Thus, even if the affidavit had included an account of the incident,4 there were still ample grounds for a finding of probable cause. Accordingly, defendant's offer of proof regarding the controlled purchase incident is not materially inconsistent with MacMaster's affidavit. In sum, defendant has failed to articulate how in __ camera disclosure of the informant's identity would enable ______ him to obtain a Franks hearing. On one hand, if an in camera ______ __ ______ hearing disclosed that the informant was Tulley, there ___ remains nothing in the record, aside from defendant's conclusory assertions and insufficient offers of proof, to support the theory that MacMaster submitted false statements in order to obtain the warrant. On the other hand, if the in __ camera hearing disclosed that the informant was not Tulley, ______ ___ then defendant has offered no alternative grounds for obtaining a Franks hearing.5 Accordingly, the district ______ ____________________ 4. Both MacMaster and Frazee submitted affidavits stating that, while they took part in surveillance of Coskery on the evening of his departure from Maine, neither knew of a plan to make a controlled purchase of marijuana from Coskery that evening. 5. We note additionally that defendant's motion for in __ camera disclosure was seriously inadequate in form. The ______ motion was supported solely by an affidavit signed by defense counsel. The affidavit did not provide the sworn statements of witnesses, nor did it explain the absence of such statements, as required by Franks, 438 U.S. 154, 171 ______ ("Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained."). Thus, even if defendant's -8- 8 court did not abuse its discretion in denying defendant's request for an in camera hearing on the identity of the __ ______ confidential informant.6 III. III. ____ CONCLUSION CONCLUSION __________ For the foregoing reasons, the judgment of the district court is affirmed. ____________________ offers of proof were substantively meritorious, we would require more than the conclusory allegations set forth in counsel's affidavit. Id. ___ 6. Relying almost exclusively on State v. Thetford, 745 P.2d _____ ________ 496 (Wash. 1987), defendant also argues on appeal that Tulley was an "ad hoc" agent of the Fairfield Police, and that __ ___ therefore Tulley's veracity, along with MacMaster's, should be at issue. To the extent that defendant raised this issue below, he did so in a perfunctory manner. "A party is not at liberty to articulate specific arguments for the first time on appeal simply because the general issue was before the district court." United States v. Slade, 980 F.2d 27, 31 _____________ _____ (1st Cir. 1992). Accordingly, defendant's argument is deemed waived. In any event, however, our careful review of the proceedings below satisfies us independently that defendant's argument is unsupported by the record. -9- 9