USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1011 HENRY OLAWALE BALOGUN, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. __________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ___________________ Before Torruella, Selya and Cyr, Circuit Judges ______________ ___________________ Henry Olawale Balogun on brief pro se. _____________________ Frank W, Hunger, Assistant Attorney General, Richard M. ________________ ___________ Evans, Assistant Director, and John L. Davis, Attorney, Office of _____ _____________ Immigration Litigation, on brief for respondent. __________________ July 28, 1994 __________________ Per Curiam. Petitioner seeks review of a final ___________ order of deportation by the Board of Immigration Appeals (BIA). His sole argument on appeal is that the BIA erred in finding him deportable under the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2)(A)(ii), because he had been convicted of two crimes of moral turpitude "not arising out of a single scheme of criminal misconduct." Petitioner argues that his convictions should be construed as arising from a "single scheme" because they were part of a continuing criminal enterprise. He asserts that his crimes thus "morally constitute only a single wrong." Petitioner pled guilty in a United States district court to one count of conspiracy to commit mail fraud, and three counts of mail fraud. The indictment charged that from about April 1, 1989 to October 16, 1991, he conspired with others to use the mails to submit false accident reports and claims to various insurance companies. The specific acts of fraud to which petitioner pled guilty occurred on three separate dates: October 16, 1990, October 21, 1991 and November 15, 1991. The crimes involved three different insurance companies, separate locations, and the use by petitioner of three different aliases.1 Petitioner's 33- ____________________ 1. Petitioner does not deny the accuracy of the facts recited in the indictment. At the deportation hearing he admitted participating in the filing of 124 false accident reports, and receiving $217,000 therefrom. -2- month sentence was affirmed on appeal. United States v. ______________ Balogun, 989 F.2d 20 (1st Cir. 1993). _______ In Pacheco v. INS, 546 F.2d 448 (1st Cir. 1976), _______ ___ cert. denied, 430 U.S. 985 (1977), we interpreted the meaning ____________ of the statutory language "single scheme" in light of the purpose of the Act, accepting that the intent of Congress was to give "a one-time alien offender . . . a second chance before he could be deported." Pacheco, 546 F.2d at 451. _______ To us this suggests that a scheme, to be a "single scheme," must take place at one time; there must be no substantial interruption that would allow the participant to disassociate himself from his enterprise and reflect on what he has done. . . . . Our present thinking is that both the purpose of the statute and the use of the adjective "single" point to a temporally integrated episode of continuous activity. When the immediate activity has ended, even though a "scheme" calls for future activity a participant has his second chance to make a decision. He need not further pursue a multistage scheme. Id. at 451-52. ___ Petitioner implicitly recognizes that under Pacheco _______ his crimes cannot be characterized as a "single scheme." He argues, however, that this court should apply the more "expansive definition" adopted by the Ninth Circuit. In Gonzalez-Sandoval v. INS, 910 F.2d 614 (9th Cir. 1990), the _________________ ___ Ninth Circuit reaffirmed the approach it had adopted in Wood ____ v. Hoy, 266 F.2d 825 (9th Cir. 1959), holding that the ___ government had not disproved the existence of a single scheme -3- where uncontradicted, credible evidence showed that the two predicate crimes were planned at the same time and executed according to the plan. Older cases from the Second and Third Circuits suggest a similarly expansive definition. See Nason ___ _____ v. INS, 394 F.2d 223 (2d Cir.), cert. denied, 393 U.S. 830 ___ ____________ (1968); Sawkow v. INS, 314 F.2d 34 (3d Cir. 1963). ______ ___ In Pacheco, however, we rejected the approach _______ upon which petitioner relies. Moreover, in Matter of __________ Adetiba, Interim Dec. 3177, 1992 WL 195812 (B.I.A. May 22, _______ 1992), the BIA declined to adopt the Ninth Circuit's "expansive definition," fearing that it might insulate from deportability aliens who formulate a plan to commit many separate crimes, while deporting those who commit two crimes without a plan. That result, the BIA said, would be absurd. Adetiba, 1992 WL 195812, at *5. The BIA characterized _______ Pacheco as following most closely its own analysis, and _______ decided that except in jurisdictions where a circuit court has ruled otherwise, it would interpret the statute as follows: [T]he statutory exception refers to acts, which although separate crimes in and of themselves, were performed in furtherance of a single criminal episode, such as where one crime constitutes a lesser offense of another or where two crimes flow from and are the natural consequence of a single act of criminal misconduct. Id. at *5. Since then, the Fifth and Tenth Circuits have ___ upheld the BIA's definition as a reasonable interpretation of -4- the law. See Thanh Huu Nguyen v. INS, 991 F.2d 621 (10th ___ _________________ ___ Cir. 1993) (adopting the BIA's definition after giving due deference to the agency's interpretation of ambiguous law as required by Chevron, U.S.A., Inc. v. Natural Resources _______________________ __________________ Defense Council, Inc., 467 U.S. 837 (1984)); Iredia v. INS, _____________________ ______ ___ 981 F.2d 847 (5th Cir.) (same), cert. denied, 114 S. Ct. 203 _____________ (1993). In this case petitioner's separate crimes involved separate acts, different victims, and occurred on widely separated dates. Petitioner had ample opportunity between crimes to change direction. Accordingly, his convictions do not arise from a "single scheme" as defined in Pacheco and _______ Adetiba. We need not decide how a more expansive definition _______ might affect this case, because petitioner offers no persuasive reason for deviating from our own longstanding interpretation and the majority of recent decisions. The order of the Board of Immigration Appeals is affirmed. ________ -5-