**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. WW-13-1254-KuPaJu |
| | ) | |
| ROBERT RADAKOVICH, | ) | Bk. No. 11-49810 |
| | ) | |
| Debtor. | ) | Adv. No. 12-04117 |
| _____ | ) | |
| | ) | |
| ROBERT PETER RADAKOVICH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| STEPHEN J. WILSON; TRICIA | ) | |
| WILSON, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on June 26, 2014
at Pasadena, California

Filed – September 19, 2014

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Brian D. Lynch, Bankruptcy Judge, Presiding

_____

Appearances:     Randall L. Stewart, Esq., argued for appellant Robert Radakvoich; Kevin R. Vibbert, Esq. argued pro se and for appellees Stephen J. and Tricia Wilson.

_____

Before:  KURTZ, PAPPAS and JURY, Bankruptcy Judges.

Memorandum by Judge Kurtz
Concurrence by Judge Jury

---

      [*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

**INTRODUCTION**

Chapter 7[1] debtor Robert Peter Radakovich appeals from the bankruptcy court's order denying his motion for Rule 9011 sanctions against appellees Stephen and Trisha Wilson and their attorney Kevin Vibbert.

In denying Radakovich's sanctions motion, the bankruptcy court determined that the complaint and other adversary proceeding papers Vibbert filed on behalf of the Wilsons were not frivolous. Under the applicable standard of review, abuse of discretion, Radakovich has not persuaded us that the bankruptcy court committed reversible error in making this determination.

Accordingly, we AFFIRM.

**FACTS**

The relevant facts are mostly procedural and undisputed. Radakovich filed a chapter 7 petition on December 21, 2011. The Wilsons received notice that the last day for filing a complaint objecting to Radakovich's discharge was March 26, 2012.

Vibbert prepared an adversary complaint on the Wilsons' behalf objecting to Radakovich's discharge under § 727(a)(2)(A) and attempted to file it with the bankruptcy court through the court's electronic case filing system ("ECF") a few hours before

---

[1]Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

-2-

the bar date expired at midnight.[2] Vibbert's delay in filing was partially caused by his miscalendaring the bar date as March 27 rather than March 26, 2012. Vibbert also discovered that he did not remember his password for ECF access, and he was locked out of the system after several failed attempts. He eventually obtained the correct password from his assistant at approximately 11:40 p.m., but after so many attempts to gain ECF access, he was locked out and could not gain access until after midnight. Also, unknown to him, his assistant was attempting to log into the account to verify that she had given Vibbert the correct password at the same time he was attempting to log into the account. Vibbert finally filed the complaint at 12:19 a.m. on March 27, 2012.

Radakovich then served the Wilsons and Vibbert with a safe harbor motion for sanctions under Rule 9011 on the ground that the complaint was time-barred as a matter of law. The sanctions motion stated that, if the Wilsons did not voluntarily dismiss their complaint within twenty-one days, Radakovich would seek to hold the Wilsons and Vibbert jointly and severally liable for monetary sanctions and attorney's fees.

Believing that they had a valid basis for arguing that the complaint was not time-barred, the Wilsons did not dismiss their complaint. Thereafter, Radakovich filed an answer to the complaint followed by a motion for summary judgment. The Wilsons responded by explaining the circumstances surrounding

---

[2]Under Rule 9006(a)(4)(A), the deadline for all electronic filings is midnight local time on the day set by the relevant order of the bankruptcy court.

-3-

their late-filed complaint and by arguing that the bankruptcy court should grant equitable relief from the bar date under these circumstances. In support of their argument, the Wilsons relied upon a Seventh Circuit decision, In re Kontrick, 295 F.3d 724 (7th Cir. 2002), aff'd, Kontrick v. Ryan, 540 U.S. 443 (2004). The Wilsons also relied upon two prior decisions of this panel, Schunk v. Santos (In re Santos), 112 B.R. 1001 (9th Cir. BAP 1990), and DeLesk v. Rhodes (In re Rhodes), 61 B.R. 626 (9th Cir. BAP 1986).

In Santos, the Panel held that the doctrines of equitable tolling, equitable estoppel and excusable neglect were at odds with the strict construction of the complaint filing deadlines set forth in Rules 4004(a) and 4007(c). In re Santos, 112 B.R. at 1006–08. At the same time, however, the Santos Panel acknowledged the continuing validity of the exceptional or unique circumstances doctrine: "Notwithstanding this strict construction, we recognize and reaffirm those Panel cases indicating that relief from the bar date may be available in extraordinary circumstances." Id. at 1007 n.6 (citing In re Rhodes, 61 B.R. at 630). This was the aspect of Santos and Rhodes that the Wilsons and Vibbert were relying upon.

At the September 5, 2012 hearing on the summary judgment motion, Vibbert explained that there was a change in his password for the ECF system: "[Q]uite simply, I screwed up when I was trying to log into the system. I got locked out. . . ." Vibbert argued that the case law supported equitable relief from the bar date in "exceptional" circumstances.

Without explicitly deciding whether the underlying facts

-4-

constituted exceptional or unique circumstances, the bankruptcy court determined that the Wilsons had received notice of the bar date and that there were no equitable grounds pursuant to which the court could grant the Wilsons relief from the bar date. Consequently, the bankruptcy court granted Radakovich's summary judgment motion and dismissed the Wilsons' adversary complaint with prejudice by order entered on September 10, 2012.

In September 2012, Radakovich filed the previously served motion for sanctions in the bankruptcy court. Radakovich sought monetary sanctions under Rule 9011(c)(1)(A) and (2) and attorney's fees in the amount of $4,664.

The Wilsons opposed the sanctions motion by essentially reiterating their arguments previously made in response to the summary judgment motion. On the Wilsons' behalf, Vibbert admitted that the case law he cited did not identify what specific circumstances would justify equitable relief from the bar date. He nonetheless asserted that, after reviewing the case law, he believed that he had a reasonable basis for arguing that relief from the bar date should be allowed. He further contended that the decision to proceed with the complaint was based on a diligent review of existing case law and an argument to extend that case law to allow the Wilsons' objection to discharge claim to proceed.

At the hearing on the sanctions motion, Vibbert argued that the legal position he had taken on behalf of the Wilsons was not frivolous and that the case law he cited "very clearly states" that bankruptcy courts have discretion to allow matters to proceed after the bar date under certain circumstances, even

-5-

though that case law did not identify what those circumstances were. He further asserted that he did not find any case law that addressed his particular problem with ECF. Vibbert maintained that because the ECF system lockout prevented him from filing the complaint on time, this constituted an "extraordinary circumstance" which should have allowed the case to continue. Finally, Vibbert again asserted that his arguments were based on an extension of the law.

The bankruptcy court agreed that Vibbert's arguments, while ultimately unsuccessful, were not legally baseless or frivolous because no existing case law addressed the inability of counsel to access ECF due to the system's security features. In fact, Radakovich's counsel conceded at the sanctions hearing that there was no case law on point at the time the Wilsons filed their papers. As a result, the court held that the Wilsons' papers were not sanctionable under Rule 9011(b)(2).

Radakovich moved for relief from the order denying sanctions under Rule 9024. In the motion, Radakovich requested the court to more specifically articulate its analysis, findings and conclusions with respect to the dispositive order. On May 16, 2013, the court entered its order denying Radakovich's Rule 9024 motion. That order essentially reiterated the bankruptcy court's previous findings and conclusions. Specifically, the court decided that "[The Wilsons'] argument to extend the law to cover the factual situation at issue here, involving technical difficulties accessing the Court's ECF system, was warranted, made in good faith and nonfrivolous, although eventually unsuccessful." Radakovich timely filed this

appeal.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(J). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in denying Radakovich's motion for sanctions under Rule 9011.

## STANDARD OF REVIEW

We review the bankruptcy court's denial of a motion for sanctions under Rule 9011 for an abuse of discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) ("an appellate court should apply an abuse of discretion standard in reviewing all aspects of a district court's [Civil] Rule 11 determination."); Valley Nat'l Bank v. Needler (In re Grantham Bros.), 922 F.2d 1438, 1441 (9th Cir. 1991).

Under Ninth Circuit law, a bankruptcy court abuses its discretion when it applies the incorrect legal rule or its application of the correct legal rule is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." United States v. Loew, 593 F.3d 1136, 1139 (9th Cir. 2010).

## DISCUSSION

Rule 9011(b)(1) provides for an award of sanctions against an attorney or a party who files pleadings or papers that are "interposed for any improper purpose." Id. Rule 9011(b)(2) provides for an award of sanctions against an attorney or a party who files pleadings or papers that are not "warranted by

-7-

existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Id.; see also Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) ("Our cases have established that sanctions must be imposed on the signer of a paper [under Civil Rule 11] if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'").

The language of Rule 9011 parallels that of Civil Rule 11. Therefore, in analyzing sanctions under Rule 9011 we generally may rely on cases interpreting Civil Rule 11. In re Grantham Bros., 922 F.2d at 1441; but cf. Marsch v. Marsch (In re Marsch), 36 F.3d 825, 829-30 (9th Cir. 1994) (declining to apply in the Rule 9011 context particular Ninth Circuit precedent applicable to Civil Rule 11 cases because of perceived policy differences between bankruptcy cases and general federal civil litigation).

In this appeal, Radakovich challenges only one aspect of the bankruptcy court's ruling. Radakovich contends that the Wilsons' complaint and summary judgment opposition were frivolous and that the bankruptcy court erred when it held otherwise. We will limit our appellate review to this single issue. See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu, 626 F.3d 483, 487–88 (9th Cir. 2010); Brownfield v. City of Yakima, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) (citing Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir.

1994)).[3]

For Civil Rule 11 sanctions purposes, the Ninth Circuit uses the term "frivolous" to describe "a filing that is both baseless <u>and</u> made without a reasonable and competent inquiry." <u>Townsend</u>, 929 F.2d at 1362 (emphasis added). <u>Accord</u>, <u>Holgate v. Baldwin</u>, 425 F.3d 671, 676 (9th Cir. 2005).

Frivolousness in this context is measured objectively. <u>See</u> <u>G.C. & K.B. Invs., Inc. v. Wilson</u>, 326 F.3d 1096, 1109 (9th Cir. 2003). This means that the litigant's filings are measured against a reasonableness standard set by what a competent attorney admitted to practice before the same court would have filed. <u>See</u> <u>id.</u>; <u>In re Grantham Bros.</u>, 922 F.2d at 1441. This also means that, when the court assesses the reasonableness of the litigant's inquiry, the actual inquiry undertaken is measured against what the hypothetical competent attorney would have learned at the time from reasonable inquiry. <u>See</u> <u>id.</u> at

---

[3] While <u>In re Marsch</u>, 36 F.3d at 829-30, holds that a bankruptcy court in making a Rule 9011 Sanctions determination must concurrently consider both frivolousness and improper purpose, we decline to address at length the improper purpose issue here because Radakovich made no argument in his opening appeal brief regarding improper purpose. <u>See</u> <u>Wu</u>, 626 F.3d at 487-88; <u>Brownfield</u>, 612 F.3d at 1149 n.4. In any event, even though the bankruptcy court did not make an explicit finding regarding improper purpose, the entirety of the record and the explicit findings of the bankruptcy court convince us that the court implicitly found no improper purpose and that this finding was not clearly erroneous. <u>See</u> <u>Townsend</u>, 929 F.2d at 1366 (holding that remand was not necessary for further findings on improper purpose issue because the district court's limited findings when combined with the record were adequate for purposes of appellate review); <u>see also</u> <u>Simeonoff v. Hiner</u>, 249 F.3d 883, 891 (9th Cir. 2001)("Conclusory and unhelpful findings of fact do not necessarily require reversal if the record supports the district court's ultimate conclusion.").

-9-

1442; see also Townsend, 929 F.2d at 1364 ("whether a pleading is sanctionable must be based on an assessment of the knowledge that reasonably could have been acquired at the time the pleading was filed.")

Under the objective standard, "counsel can no longer avoid the sting of [Civil] Rule 11 sanctions by operating under the guise of a pure heart and empty head." Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994). On the other hand, Civil Rule 11 frivolousness is a minimal standard. As stated in Strom v. United States, 641 F.3d 1051, 1059 (9th Cir. 2011), "[Civil] Rule 11 sets a low bar: It deters 'baseless filings' by requiring a 'reasonable inquiry' that there is some plausible basis for the theories alleged." When there is a plausible basis, even a very weak one, supporting the litigant's position, imposition of Civil Rule 11 sanctions is inappropriate. Id. As stated in Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc., 186 F.3d 157, 167 (2d Cir. 1999): "[T]o constitute a frivolous legal position for purposes of [Civil] Rule 11 sanction, it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." Id. (quoting Mareno v. Rowe, 910 F.2d 1043 (2d Cir. 1990)), quoted with approval in Strom, 641 F.3d at 1059.

This minimalist approach to assessing frivolousness is no accident. Rather, it is necessitated by the risk that losing arguments easily can be conflated with frivolous arguments. See Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344-45 (9th Cir. 1988). To mitigate this risk, Civil Rule 11

-10-

is treated as an "extraordinary remedy" that must be imposed "with extreme caution." Id. at 1345. Indeed, imposing a broader frivolousness standard could chill effective representation and zealous advocacy. As the Ninth Circuit has explained:

> [Civil] Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously. Forceful representation often requires that an attorney attempt to read a case or an agreement in an innovative though sensible way. Our law is constantly evolving, and effective representation sometimes compels attorneys to take the lead in that evolution. [Civil] Rule 11 must not be turned into a bar to legal progress. The simple fact that an attorney's legal theory failed to persuade the district court does not demonstrate that counsel lacked the requisite good faith in attempting to advance the law.

Id. at 1344. Accord, Townsend, 929 F.2d at 1363-64.

Here, the bankruptcy court held that the Wilsons' exceptional or unique circumstances argument was a losing argument but not a frivolous one. In essence, the bankruptcy court determined that the Wilsons' invocation of the unique circumstances doctrine was not frivolous because of the status of Ninth Circuit law at the time the argument was made. At that time, there was no case directly on point – no Ninth Circuit precedent determining whether an eleventh-hour denial of access to the bankruptcy court's ECF system resulting from the routine operation of the system's password security features constituted exceptional or unique circumstances for purposes of seeking relief from an expired deadline under Rule 4004(a).

Radakovich contends that the bankruptcy court's determination was erroneous and that the Wilsons' position was nothing more than a variation of the oft-rejected attempts by

-11-

litigants to assert excusable neglect as a basis for relief from the Rule 4004(a) and Rule 4007(c) filing deadlines. <u>See, e.g.</u>, <u>Jones v. Hill (In re Hill)</u>, 811 F.2d 484, 486 (9th Cir. 1987); <u>In re Santos</u>, 112 B.R. at 1008 (9th Cir. BAP 1990); <u>Osborn v. Ricketts (In re Ricketts)</u>, 80 B.R. 495, 496-97 (9th Cir. BAP 1987); <u>Buckeye Gas Prods. Co. v. Rhodes (In re Rhodes)</u>, 71 B.R. 206, 208 (9th Cir. BAP 1987).

The record does not support Radakovich's characterization of the Wilsons' position. In their summary judgment motion opposition, in their sanctions motion opposition, and at the hearings on these two motions, the Wilsons' acknowledged that "equitable defenses" like equitable estoppel and equitable tolling were <u>not</u> generally available for the purpose of seeking equitable relief from the Rule 4004(a) and Rule 4007(c) filing deadlines. Rather, they argued that the particular circumstances that occurred on the eve of the filing deadline involving their counsel Vibbert constituted exceptional circumstances under which the court could exercise its equitable discretion to relieve them from the complaint filing deadline. The Wilsons further admitted that their counsel, after conducting research, could not articulate with any certainty the parameters of the exceptional or unique circumstances doctrine. Consequently, we reject Radakovich's assertion that the Wilsons' argument was nothing more than an excusable neglect argument.

We acknowledge that the Wilsons' account of the status of the unique circumstances doctrine in the Ninth Circuit was partisan and incomplete. They failed to mention that the Ninth Circuit has questioned the continued existence of the doctrine

-12-

and that it "appears" limited to situations where it is necessary to remedy an explicitly misleading statement made by the court. See Allred v. Kennerley (In re Kennerley), 995 F.2d 145, 147 (9th Cir. 1993); see also Shull v. Wells (In re Wells), 2010 WL 6259961, at **3-4 (9th Cir. BAP 2010)(more-recent, albeit unpublished, Ninth Circuit decision stating the same points). Nonetheless, an adversarial and incomplete statement of the law does not, by itself, permit a court to conclude that such a statement is sanctionable under Civil Rule 11. See United States v. Stringfellow, 911 F.2d 225, 226 (9th Cir 1990) ("The failure to cite relevant authority, whether it be case law or statutory provisions, does not alone justify the imposition of [Civil Rule 11] sanctions.").

As we already have indicated above, the critical question is not whether the legal position taken is partisan or incomplete but whether that position is frivolous. As we already have explained, a legal position is not frivolous for purposes of Rule 9011 if it was supported by reasonable inquiry – "knowledge that reasonably could have been acquired at the time the pleading was filed" by a hypothetical competent attorney admitted to practice before the same court. Townsend, 929 F.2d at 1364; see also In re Grantham Bros., 922 F.2d at 1442.

Here, both Vibbert and the bankruptcy court stated that their respective inquiries turned up no cases directly on point. Nor have we found any cases on all fours that were in existence at the time the Wilsons invoked the unique circumstances doctrine.

-13-

More importantly, our research indicates that, in the context of Rules 4004(a) and 4007(c), the continued existence and parameters of the unique circumstances doctrine were uncertain at the time the Wilsons filed their papers. See, e.g., In re Kennerley, 995 F.2d at 147; In re Wells, 2010 WL 6259961, at **3-4. The unsettled state of the law supports the bankruptcy court's conclusion that sanctions were inappropriate. See Bank of Maui v. Estate Analysis, Inc., 904 F.2d 470, 472 (9th Cir. 1990).

Furthermore, two recent Ninth Circuit cases indicate that the application of the doctrine in this context remains in a state of flux. See Willms v. Sanderson, 723 F.3d 1094, 1103 (9th Cir. 2013); Anwar v. Johnson, 720 F.3d 1183, 1188 n.6 (9th Cir. 2013). Anwar is particularly instructive on this point. Anwar states:

> We acknowledge that the U.S. Supreme Court has not expressly addressed whether FRBP 4007(c)'s filing deadline admits of any equitable exceptions and that lower courts are divided on the issue. We need not, and do not, reach the question of whether external forces that prevented any filings – such as emergency situations, the loss of the court's own electronic filing capacity, or the court's affirmative misleading of a party – would warrant such an exception.

Id. (citations omitted).

We acknowledge that neither the Willms decision nor the Anwar decision was available at the time the Wilsons asserted their position regarding the unique circumstances doctrine. Nonetheless, these two decisions support the proposition that a reasonably competent attorney admitted to practice before the bankruptcy court, upon reviewing the cases cited in Willms and Anwar, would have reached the same conclusion – that the

-14-

existence and parameters of the unique circumstances doctrine were and are unsettled.

At bottom, on this record and in light of the unsettled state of the law regarding the unique circumstances doctrine, we hold that the bankruptcy court did not err when it concluded that the Wilsons' papers were not frivolous. Because Radakovich has not posited any other grounds for holding that the bankruptcy court abused its discretion, we will uphold the bankruptcy court's ruling on Radakovich's sanctions motion.[4]

Finally, it is worth noting that, if the bankruptcy court had determined that the Wilsons' papers were frivolous, we might have been equally hard pressed to find reversible error given the fact-sensitive nature of the inquiry and the inherently close calls associated with determinations of this type. See Townsend, 929 F.2d at 1362 ("[Civil Rule 11] calls for an intensely fact-bound inquiry, and for this kind of inquiry,

---

[4]According to the concurrence, our majority decision suggests that the absence of case authority directly on point "precludes" a determination that the Wilsons' papers were frivolous. This is not what we mean to say. Our majority decision is meant to establish a more modest proposition: that, based on the entire record and the unsettled state of the law regarding the parameters of the unique circumstances doctrine, we decline to overturn the bankruptcy court's assessment that the Wilsons' papers were not frivolous.

In reality, there is little difference between our viewpoint and that of the concurrence. The concurrence perceives as frivolous not the Wilsons' legal argument, but rather the Wilsons' attempt to characterize the facts and circumstances of this case as anything other than mere negligence on the part of their counsel. Unlike the concurrence, we believe the bankruptcy court was acting within its discretion when it concluded that the Wilsons' attempted characterization was not frivolous.

'bright lines' are not appropriate"); see also Cooter & Gell, 496 U.S. at 401-05 (explaining at length why all aspects of Civil Rule 11 sanctions rulings are entitled to a deferential standard of review). The highly deferential effect of appellate review under the abuse of discretion standard when applied in fact-intensive settings is not unusual. Cf. Pincay v. Andrews, 389 F.3d 853, 858-59 (9th Cir. 2004) (en banc) (noting that, whichever way the district court had decided the issue under review, the court of appeals would have been hard pressed to identify any grounds for reversal given the fact-intensive nature of the inquiry and the abuse of discretion standard of review).

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's denial of Radakovich's sanctions motion.

Concurring decision begins on next page.

JURY, Bankruptcy Judge, concurring:

I concur in the result achieved by the majority, but I arrive at that conclusion from a different path. Although I would determine that a Rule 9011 violation did occur here as a matter of law, because the bankruptcy court has broad discretion in awarding sanctions if such violation occurred, I would not disturb the exercise of that discretion on the facts of this case.

The majority, as did the bankruptcy court, suggests that the lack of authority on whether an ECF security lock out may constitute the sort of unique and exceptional circumstance which justifies denial of sanctions under Rule 9011. It suggests that an absence of an existing case on all fours with this one makes the argument that the circumstances were unique or exceptional non-frivolous so as to avoid Rule 9011 sanctions. In my mind, the lack of case law on point did not automatically preclude a finding of a Rule 9011 violation, especially when ample case law existed to determine that mere negligence would not excuse the time-barred filing. See, for example, Schunk v Santos (In re Santos), 112 B.R. 1001, 1008 (9th Cir. BAP 1990), where our panel held that the bankruptcy court has no discretion to enlarge the time periods under Rules 4004(a) and 4007(c) on the basis of excusable neglect when the request is made after the time period has expired.

Indeed, I do not see unique or exceptional circumstances in this case. I disagree with the majority's statement that Radakovich's characterization of the Wilsons' position as nothing more than negligence is not supported by the record.

Objectively, the record shows just that. Although the Wilsons *argued* something different than negligence, Vibbert's difficulty with timely filing the Wilsons' complaint using the ECF system was nothing more. Vibbert mis-calendared the bar date and as a result attempted to file the complaint after business hours and, more or less, at the last minute. The ECF security lock out was triggered because Vibbert forgot his password — he "screwed up," he attempted to sign in with the wrong password multiple times, and his legal assistant was trying to access the system presumably with the correct password at the same time that he was. When Vibbert's conduct is properly recognized for what it was, the supposedly unsettled state of the law with respect to the parameters of the unique circumstances doctrine holds little significance in my mind. On these facts, no reasonable, objective argument for an exception to the bar date could be made. See Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc., 186 F.3d 157, 167 (2nd Cir. 1999).

That said, even if Vibbert's conduct constituted negligence, which I think it did, and even if the time-barred complaint had no chance of success, which I think it did not, in light of the bankruptcy court's substantial discretion in these matters, I feel compelled to concur in the result. The bankruptcy court has substantial discretion when deciding whether to award or not award sanctions even when a violation of Rule 9011(b) has been found. The text of Rule 9011(c) states that a court may impose sanctions for a violation, but it is not required to do so. See Rule 9011(c) ("If, after notice and a reasonable opportunity to respond, the court determines that

-2-

subdivision (b) has been violated, the court <u>may</u> impose an appropriate sanction on any attorney, law firm, or party. . . .") (emphasis added); <u>see also</u> Civil Rule 11 advisory committee's note, 1993 Amendment ("[W]hat sanctions, if any, to impose for a violation are matters committed to the discretion of the trial court."); <u>Thompson v. RelationServe Media, Inc.</u>, 610 F.3d 628, 666 (11th Cir. 2010) (noting that under Civil Rule 11 sanctions are discretionary and a court can "excuse an attorney's negligence, mistake, or plain-old incompetence" if it chooses). In short, the bankruptcy court's discretion under Rule 9011(c) makes it very difficult to demonstrate reversible error when the court decides not to award sanctions.

As a consequence, on these facts, I defer to the bankruptcy court's substantial discretion in deciding no sanctions were warranted.